THE PEOPLE *ex rel.* C. E. Landers, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 17, 1915.*

1. TAXES—*what cannot be included in an item for salaries of county officers.* It is improper to include in an item for salaries of county officers the salaries of county clerk, circuit clerk, sheriff and county treasurer.

2. SAME—*assistant State's attorney and assistant county superintendent of schools are county officers.* The positions of assistant State's attorney and assistant county superintendent of schools are created by law and are offices and not mere employments, and it is proper to include the salaries of such officers in an item of the county tax for salaries of county officers.

3. SAME—*salary of State's attorney and of county superintendent of roads may be included in item for salaries of county officers.* The salaries of the State's attorney and of the county superintendent of roads may properly be included in an item of the county tax for salaries of county officers.

4. SAME—*what does not render levy of tax for salary of the county superintendent of roads excessive.* A levy for the salary of the county superintendent of roads is not rendered excessive by the fact that the salary of such officer did not begin, under the law, until the April following the September when the levy was made.

5. SAME—*commissioners of highways must hold both meetings provided for by statute.* Section 50 of the Roads and Bridges act of 1913, requiring the commissioners of highways to hold a called

meeting between the first Tuesday in August and the first Tuesday in September to determine the tax rate, and section 56, requiring them to determine and certify the amount of the tax at a regular meeting on the first Tuesday in September, are both mandatory, and a failure to hold either meeting invalidates the tax.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

J. M. BAKER, C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Montgomery county overruling objections of appellant to certain taxes and rendering judgment therefor and entering an order of sale against the property of appellant.

The only questions presented by the appeal for our decision are based upon the action of the county court in overruling appellant's objections to a part of the county tax against its property and to the road and bridge tax of East Fork and Grisham townships.

The amount of the county tax objected to by appellant is $75.80. This objection is based upon the claim that the item levied by the county board for the payment of the salaries of county officers was in excess of the amount the board might lawfully levy for that purpose. The levy for the payment of the salaries of county officers was $8000. The county clerk testified that the salaries fixed by the county board were, county judge $1500, county clerk $1500, circuit clerk $1650, sheriff $1500, State's attorney $3500, assistant State's attorney $1200, assistant county superintendent of schools $750, county superintendent of roads $1200, and county treasurer $1500.

The appellant insists that the county judge and county superintendent of roads are the only county officers whose salaries are required to be paid out of the county treasury and for the payment of which a tax might be levied to pay

county officers' salaries. We have held the county board has no authority to levy a tax to pay the salaries of the county clerk, circuit clerk, sheriff and treasurer. (*People v. Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112; see, also, *People v. Kankakee and Southwestern Railroad Co.* 237 id. 362; *Coles County v. Messer,* 195 id. 540.) We have also held that the county board has authority to include the State's attorney's salary in the item levied for the payment of county officers' salaries. *People v. Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502.

It is conceded by appellant that it was proper to include the salary of the county superintendent of roads in the levy for the payment of county officers' salaries, but as the salary of that officer did not begin, under the law, until the first day of April, 1914, it is contended the levy for the payment of his salary was excessive; that it should have been for only $600, which was a sufficient sum to pay him his salary up to the time the next levy was made, in September, 1914. We think this objection untenable. The tax levied in September, 1914, will not be collected until the spring of 1915, and if only $600 had been levied for that purpose there would have been no money in the treasury out of which the county superintendent of roads could be paid from September, 1914, up to the time the taxes then levied are collected. *People v. Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33.

It is also contended by the appellant that the assistant State's attorney and the assistant superintendent of schools are not officers whose salaries may be provided for by the levy to pay county officers' salaries. Section 24 of article 5 of the constitution defines an office to be a public position created by the constitution or law, continuing during the pleasure of the appointive power or for a fixed time, with a successor elected or appointed. An employment is defined to be an agency for a temporary purpose, which ceases when that purpose is accomplished. In practice it has not

always been easy to distinguish between an officer and an employee of the government. The subject has received the consideration of text writers and courts of last resort, some of which we cite. (*Bunn* v. *People,* 45 Ill. 397; *People* v. *Loeffler,* 175 id. 585; Mechem on Public Officers, sec. 4; 1 Dillon on Mun. Corp.—5th ed.—sec. 425; 29 Cyc. 1366, and notes.) The appointment of assistant State's attorneys is authorized by section 2 of the act of 1912. (Laws of 1912, p. 89.) That section provides that where assistant State's attorneys are required in any county the number and the salaries to be paid shall be determined by the county board, and the salaries of such assistants shall be paid out of the county treasury in quarterly annual installments. They shall be named by and be under the supervision of the State's attorney. Section 16 of the School law (Hurd's Stat. 1913, p. 2179,) authorizes the county superintendent of schools, with the approval of the county board, to employ such assistant or assistants as he needs for the full discharge of his duties. They must be persons of good attainments, versed in the principles and methods of education, familiar with public school work and competent to visit schools. Section 207 of the same law (p. 2223) makes it the duty of the county board to authorize the county superintendent of schools to employ such assistants as he needs for the full discharge of his duties and to fix their compensation, which shall be paid out of the county treasury. It will thus be seen that the positions of assistant State's attorney and assistant superintendent of schools are created by law. Their compensation is required to be fixed by the county board and paid out of the county treasury. In our opinion the position of each is an office and not a mere employment. They exercise some portion of the sovereign power of the State. Their duties are not prescribed by contract or agreement, but by law. They are not engaged to perform a special act the completion of which ends their duty, but the duties of the position are continu-

267 - 10

ous, without regard to the particular person who holds the office. We conclude that they are not mere agents to perform a particular act or duty, but are officers for the performance of the general duties of the offices of ' State's attorney and county superintendent of schools, and that it was not unlawful to include their salaries, as fixed by the county board, in the item levied for the payment of county officers' salaries.

The aggregate of the salaries of county judge, State's attorney, assistant State's attorney, county superintendent of roads and assistant county superintendent of schools is more than $8000, which was the amount levied for the payment of county officers' salaries. The county court did not err in overruling appellant's objections to the county tax.

The same objection is made to the road and bridge tax in both East Fork and Grisham townships, viz., that there was no meeting of the commissioners of highways held between the first Tuesday in August and the first Tuesday in September, but the only meeting held by the commissioners, in both townships, was on the first Tuesday in September. The record shows that in the town of Grisham the commissioners of highways met September 2, 1913, which was the first Tuesday, and determined the amount and the rate required for road and bridge purposes. In the town of East Fork the record shows the commissioners of highways met the same day, September 2, 1913, and determined and certified to the amount of taxes required for road and bridge purposes. Section 50 of the Road and Bridge law requires the commissioners of highways to hold a meeting between the first Tuesday in August and the first Tuesday in September, at a time to be named by their president, for the purpose of determining the tax rate to be certified by them to the county board. Section 56 requires the commissioners of highways, at a regular meeting to be held on the first Tuesday in September, to determine and certify to the county board the amount necessary to be raised by tax-

ation for road and bridge purposes, and to file a certificate in the office of the county clerk, who shall present it to the county board at its regular September meeting.

It is insisted by appellee that the requirement of section 50 for holding a meeting between the first Tuesday in August and the first Tuesday in September is directory, only, and the failure to hold that meeting and determine the rate of the tax required does not invalidate a tax. This question was considered by this court in *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112, and it was there held that both sections of the statute are mandatory and that a failure to comply with either of them invalidates the tax.

The judgment of the county court is reversed as to the road and bridge taxes of East Fork and Grisham townships and the cause remanded, with directions to sustain appellant's objections to those taxes and enter judgment only for the county tax objected to.

*Reversed and remanded, with directions.*