THOMAS G. SUSTE, Plaintiff-Appellant, v. SEAN STERR *et al.*, Defendants (Keith Clark, d/b/a The House of Fine Design, *et al.*, Defendants-Appellees).

Third District   Nos. 3—84—0757, 3—84—0811 cons.

Opinion filed August 14, 1985.

Albert Brooks Friedman, Ltd., of Chicago, for appellant.

Howard K. Priess, Robert S. Soderstrom, Brian P. Shaughnessy, and Shaun McParland, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This appeal represents our consolidated review of two interlocutory orders entered by the circuit court of Will County. One order

dismissed as a defendant The House of Fine Design, Inc., a corporation. The other granted summary judgment for an individual defendant, Keith Clark, d/b/a The House of Fine Design. The plaintiff-appellant, Thomas G. Suste, prays that we reverse both orders of the circuit court.

The plaintiff filed suit seeking to recover for injuries he incurred in an automobile accident. Named as defendants were the driver of the car in which the plaintiff was a passenger, Sean Sterr; the driver's alleged employer, Keith Clark, d/b/a The House of Fine Design; and the driver and owner of the truck with which the automobile collided. The accident occurred on October 6, 1981, and suit was filed on September 8, 1983. Service was obtained on Keith Clark by serving his wife, Dorothy Clark, on September 13, 1983. Seven months later, following a discovery deposition of Keith Clark, the plaintiff learned that Sterr's employer was not Keith Clark, a sole proprietor, but instead, a corporation, "The House of Fine Design, Inc." Clark was the president and sole shareholder of the corporation. Three days later, on April 30, 1984, the plaintiff made an oral motion to add the corporation as a party defendant. An amended complaint was filed on May 21, 1984, and on July 27, 1984, summons was served on the corporation's registered agent. On August 31, 1984, the circuit court dismissed the complaint against the corporation, because, it reasoned, the action against the corporation was not timely filed. On October 4, 1984, the circuit court granted summary judgment for Keith Clark, since the corporation, not Clark personally, was Sterr's employer and thus a potential defendant under a *respondeat superior* theory. Subsequent motions to reconsider both orders were denied.

On appeal, the plaintiff urges that the circuit court erred in dismissing the corporate defendant, arguing compliance with the statute on misidentity (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)). That statute permits a misidentified defendant to be added as a party after the statute of limitations has run if five conditions are met.

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his

or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Ill. Rev. Stat. 1983, ch. 110, par. 2—616.)
We have previously determined that facts such as these present a case of mistaken identity (*Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489), not the similar, yet different case of misnomer. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—401.) Accordingly, if the conditions of the statute on misidentity are met, the plaintiff correctly asserts error in the proceedings below.

There can be no question that plaintiff's action was commenced within the statutory limitations period. The cause of action arose on October 6, 1981, and the action was filed on September 8, 1983. The limitations period for personal injuries is two years. Ill. Rev. Stat. 1983, ch. 110, par. 13—202.

The issue of inadvertence is much discussed in the arguments of the parties on appeal. The corporate defendant suggests that the plaintiff's failure to discover the true identity of Sean Sterr's employer was due to lack of diligence, not inadvertence. We are reminded that the Secretary of State annually publishes an index of corporations which would have disclosed the defendant's corporate capacity had the plaintiff made the effort to investigate. While it is true that a more complete investigation would have avoided the plaintiff's error, such shortcomings have previously been held to fall

within the statutory definition of inadvertence. (*Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 364 N.E.2d 660.) The defendant also finds a lack of diligence in the plaintiff's delay in amending his complaint and causing summons to be served on the corporation once the misidentity was discovered. We have previously held that inadvertence does not include a failure to act within a reasonable time after the true facts are discovered (*Paku v. M. V. Leasing Corp.* (1971), 2 Ill. App. 3d 742, 277 N.E.2d 335); however, we do not believe the few weeks involved in the case at bar constitute unreasonable delay.

Was service of summons completed on the right person, albeit in the wrong capacity? Service was accomplished on Keith Clark, d/b/a The House of Fine Design. At the time, The House of Fine Design, Inc., was a corporation in dissolution. Corporate officers have the authority to wind up the affairs of the corporation (*Price v. State* (1979), 79 Ill. App. 3d 143, 398 N.E.2d 365), including the authority to respond to and settle causes of action against the corporation. Keith Clark had been the president and sole shareholder of The House of Fine Design, Inc. Thus, service was made on the right person, albeit in the wrong capacity. Under analogous facts, it has been determined that where the summons clearly indicated that the party intended to be sued was doing business under a given name at a given location, then service on an agent of the intended party, not as an agent but individually, is sufficient to satisfy the requirements of the statute on misidentity. *Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465.

Before section 2—616 can be invoked, evidence must be presented that the proper party had actual notice of the pendency of the original action "within the time that the action might have been brought." In *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489, we held this requirement was not met where summons was issued before the expiration of the statutory limitations period, but the summons was served, and thus notice given, after the expiration date. In *Leonard* the facts were not unlike those before us. There, a corporation was the intended defendant, but because of a misidentity of parties, an individual, an agent of the corporation, was served in his individual capacity. Although such notice would have been sufficient notice to the intended corporate defendant had it been received by the agent before the limitations period expired, it was not sufficient to meet the criteria where the agent was later served. The facts before us are different. Keith Clark was served as an individual on September 13, 1983. The statute did not

run until October. Notice to Keith Clark that the original action was pending—as Keith Clark was an officer of the dissolving corporation—was notice to the corporation, The House of Fine Design, Inc. Thus, the factual distinctions between the instant case and *Leonard* produce a differing result when the statutory criteria are applied.

Finally, we must find that the cause of action against the misidentified defendant arose out of the same transaction or occurrence as the cause of action against the properly identified defendant. There can be no doubt that this is the case under the facts before us. Having found that the plaintiff has met each of the five conditions of section 2—616, we conclude that his action against The House of Fine Design, Inc., was not barred by lapse of time. Accordingly, the interlocutory order of the circuit court dismissing that defendant is reversed, and the defendant is reinstated as a party for further proceedings upon remand.

■ We find no error in the circuit court's order granting summary judgment for Keith Clark individually. Clark was not Sean Sterr's employer, he denied so being in his answer to the original complaint, and no theory of liability was pled in the complaint under which Clark could be found liable. We cannot agree that it was incumbent on Clark to affirmatively allege the existence of the corporation in his responsive pleading when he could simply deny the employment relationship asserted in the complaint. (*Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 299 N.E.2d 521.) Summary judgment was properly granted. The circuit court order must be affirmed.

Based upon the authorities cited, and for the reasons hereinabove set forth, we reverse the circuit court's order in appeal No. 3—84—0757 and affirm the circuit court's order in appeal No. 3—84—0811.

Reversed in part; affirmed in part; remanded.

STOUDER and WOMBACHER, JJ., concur.