GERALD HOVING, Plaintiff-Appellant, v. BARBARA J. DAVIES, Indiv. and d/b/a Villa Marie East, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—1659

Opinion filed July 31, 1987.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Nat P. Ozmon and Mark D. Bogen, of counsel), for appellant.

Bard S. Michl, of Westchester, for appellee Barbara J. Davies.

Patrick J. Moran, of Westchester (Bard S. Michl, of counsel), for appellee John A. Davies, Inc.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Gerald Hoving, appeals from an order dismissing his dramshop action (Ill. Rev. Stat. 1985, ch. 43, par. 135) against the defendant, John A. Davies, Inc., on the ground that the action was barred by the statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(5).) The plaintiff asserts that the misnomer section 2—401 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—401) is applicable and precludes a dismissal of his action. Plaintiff alternatively argues that if section 2—401 is inapplicable to the facts in the case at bar, plaintiff has satisfied the five requirements set forth in section 2—616(d) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)) for adding parties to an action after the expiration of the statute of limitations.

Plaintiff's action allegedly arose out of an incident which occurred on September 18, 1978, in which plaintiff suffered injuries as a result of an altercation with Joseph Felkins and James Felkins in the Villa Marie East, a restaurant and lounge located in Hillside, Illinois. On December 4, 1978, plaintiff sent an investigative letter to the liquor commissioner of the village of Hillside to obtain the names of the owners of the Villa Marie East property and the names of the liquor licensees for the Villa Marie East restaurant and lounge. The responding letter of the village of Hillside's liquor commissioner dated December 8, 1978, stated that the owners of the business and property were Barbara J. Davies and John Davies and that a liquor license had been issued to them. Plaintiff filed his dramshop action on August 20, 1979, against Barbara Davies and John Davies, individually and doing business as the Villa Marie East. Plaintiff obtained service on John Davies at his residence on October 15, 1979. John Davies died six months later, on April 8, 1980.

On May 12, 1980, a month after John Davies' death but seven months after he was served with summons, a default judgment was

entered against both John Davies and Barbara Davies. On July 24, 1980, Barbara Davies filed a motion to vacate the judgment entered against her and to quash the service of summons. In her motion, she alleged that she was divorced in October 1979 from John Davies and that on October 15, 1979, she did not live at the address where the summons had been served on John Davies. The trial court granted Barbara Davies' motion to vacate and quash service of summons.

Subsequently, plaintiff obtained Barbara Davies' address and she was served an alias summons on December 29, 1980. Barbara Davies filed a motion to dismiss plaintiff's complaint due to plaintiff's lack of diligence in obtaining service on her. The trial court denied Barbara Davies' motion to dismiss on March 22, 1983.

On June 22, 1983, Barbara filed a motion for summary judgment in which she alleged that on the date of the incident, September 18, 1978, she was not the owner, operator or manager of the Villa Marie East. In her deposition, taken July 6, 1983, Barbara stated that John A. Davies, Inc., was incorporated in August 1974 for the purpose of owning and operating the Villa Marie East. John A. Davies, Inc., had two corporate officers, John A. Davies, president, and his wife Barbara J. Davies, secretary/treasurer. Following the death of John Davies on April 8, 1980, Barbara Davies assumed the presidency and her daughter, Judy Hejnar, became the secretary/treasurer of John A. Davies, Inc.

On September 8, 1983, the court granted Barbara's motion for summary judgment and on that same day granted plaintiff leave to amend the complaint to add John A. Davies, Inc., as a defendant. On September 26, 1983, summons was served on Barbara J. Davies as the registered agent of John A. Davies, Inc.

Defendant John A. Davies, Inc., then filed a motion to dismiss in which it asserted that plaintiff's action was barred by the statute of limitations. The trial court granted defendant's dismissal motion. Plaintiff appeals.

On appeal, plaintiff contends that his action should not be dismissed because defendant's name was properly corrected as a misnomer. Alternatively, plaintiff contends that he satisfied the five requirements set forth in section 2—616(d) for the addition of a defendant to an action after the statute of limitations has run.

Section 2—401(b) of the Civil Practice Law provides:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1985, ch. 110, par. 2—401(b).)

The determination of whether misnomer or mistaken identity is involved may depend on the intent of plaintiff, but the subjective intention of whom plaintiff intended to sue does not control when confronted with objective manifestations which indicate plaintiff intended to sue another. (*Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 408, 447 N.E.2d 489.) It is well settled in Illinois that facts such as these present in the case at bar present a case of mistaken identity and not one of misnomer. From the original designation in the complaint, we conclude that the intent of the plaintiff was to bring an action against Barbara Davies and John Davies, in their individual capacities and doing business as the Villa Marie East. Naming Barbara Davies and John Davies in their individual capacities and doing business as the Villa Marie East was a clear and objective manifestation of the plaintiff's intent to sue those parties. However, the real party in interest was not Barbara Davies or John Davies, but rather John A. Davies, Inc., a corporation which owned and operated the Villa Marie East. The plaintiff was mistaken in his belief as to who owned and operated the lounge.

The plaintiff's intent was to file suit against Barbara Davies and John Davies, as individuals, and plaintiff did, albeit incorrectly, believing that they were the owners of the Villa Marie East. Plaintiff did not merely misname the right party, but named the wrong party. (*Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 409, 447 N.E.2d 489.) Thus plaintiff's contention is without merit.

■ We now turn to plaintiff's contention that he met the requirements to amend under section 2–616(d), which permits the addition of parties to a complaint after the statute of limitations has run. Defendant alleges that this issue was not raised in the trial court and is therefore waived and plaintiff should not be allowed to argue it on appeal. We disagree. The trial court's order in allowing plaintiff to add John A. Davies, Inc., as a defendant, tacitly rejects defendant's contention. See *Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 995, 360 N.E.2d 465.

■■ Section 2–616(d) in pertinent part provides:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought ***, if all the following *** conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the

nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, \*\*\*; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, \*\*\*. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).)

Plaintiff contends that all of the requirements of section 2—616(d) were met. However, if any one requirement of this section is not satisfied, then plaintiff cannot avail himself of the relation back doctrine in the section. (*Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 674, 308 N.E.2d 143.) Plaintiff argues that both of the Davies were served with complaint and summons which imported upon them actual knowledge of the pendency of the lawsuit. However, plaintiff failed to address the issue of when the parties gained knowledge of the pending lawsuit. It has been determined that where the summons clearly indicates that the party intended to be sued was doing business under a given name at a given location, the service on an agent or officer of the business, not as an agent or officer but individually, is sufficient to satisfy the requirement. (*Suste v. Sterr* (1985), 135 Ill. App. 3d 652, 655, 482 N.E.2d 184.) In order to come within the scope of section 2—616(d)(4), the added party must have *acquired the requisite knowledge within the limitations period,* even though in the wrong capacity. (See *Suste v. Sterr* (1985), 135 Ill. App. 3d 652, 482 N.E.2d 184; *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489; *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143.) John A. Davies, who was president of John A. Davies, Inc., was not served as president of the corporation; rather, he was served as an individual doing business as Villa Marie East on October 15, 1979, 28 days after the running of the statute of limitations on September 18, 1979. Barbara J. Davies, secretary/treasurer of John A. Davies, Inc., was served as an individual doing business as Villa Marie East on December 20, 1980, more than 15 months after the running of the statute of limitations.

Defendant relies on *Leonard v. City of Streator* (1983), 113 Ill.

App. 3d 404, 447 N.E.2d 489, to support his position. In *Leonard*, like the case at bar, the lawsuit was a dramshop action. It arose out of an incident which occurred on December 16, 1978. The dramshop action was filed on December 14, 1979, against Delbert Anderson, doing business as the Double D Tavern. Service was obtained upon Anderson on December 20, 1979, one year after the statute of limitations. Anderson filed a motion to dismiss in which he stated that he was not the owner of the tavern, but that it was owned by Double D Tap, Inc., a corporation. Summary judgment was granted as to the defendant Delbert Anderson, and the plaintiffs were given leave to file an amended complaint. Plaintiff substituted the named defendant, Delbert Anderson, individually and doing business as Double D Tavern, to the defendant Double D Tap, Inc., a corporation. Double D Tap, Inc., filed a motion to dismiss the amended complaint, arguing that naming it as an additional defendant was barred by section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 46(4), now codified as section 2—616(d) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d))) because the corporation did not have knowledge of the action within the limitations period. The trial court dismissed the action against Double D Tap, Inc., finding that the corporation did not have knowledge of the action within the limitations period, and that therefore the section 2—616(d)(4) requirement had not been satisfied.

On appeal, the plaintiffs in *Leonard* argued that the names of the defendants against whom suit was brought involved a misnomer and that the complaint against Double D Tap, Inc., should not have been dismissed. Double D Tap, Inc., argued that the issue was not a case of misnomer, but rather the issue was the mistaken identity of the defendants against whom plaintiff had brought his action. Since plaintiff attempted to add a party not originally named, that is the corporation, Double D Tap, Inc., without complying with section 2—616(d)(4), the suit against it was properly dismissed. We affirmed, holding that the plaintiff was mistaken in his belief as to who owned the tavern and that the true owner had not been sued by plaintiff.

■ Plaintiff in the case at bar argues that the requirement of section 2—616(d)(4) had been met, considering that Barbara Davies had knowledge of the litigation from its inception. Plaintiff commenced the instant action on August 20, 1979, within the period of the statute of limitations. Summons was supposedly served on Barbara Davies, individually and doing business as the Villa Marie East on October 15, 1979, but it was successfully quashed for improper service. On December 29, 1980, Barbara Davies, individually and doing

business as the Villa Marie East, was personally served with an alias summons. Plaintiff asserts that such service was proper and provided the Villa Marie East with knowledge of the present litigation within the time limited by law by virtue of the due diligence provision. 87 Ill. 2d R. 103(b).

We disagree with plaintiff's assertion. Plaintiff cites *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143, to support his contention. In *Jackson* the court stated "[i]t is correct that an action is commenced when the complaint is filed [citation] and that in situations where the statute of limitations has run in the interval between the filing of the complaint and service of summons, the effect of the statute of limitations is avoided when reasonable diligence is exercised in obtaining service of process." (17 Ill. App. 3d 672, 675, 308 N.E.2d 143.) In *Jackson*, plaintiffs filed a dramshop action against Jerry Idstein and James Boarini, doing business as Caroll's Resort and Marina, and others. The complaint alleged that on August 11, 1968, the defendants sold or gave alcoholic beverages to Robert Jackson which caused his intoxication and, while intoxicated, he was severely injured. A summons issued on the day the complaint was filed; it was later returned "not found" as to defendants Idstein and Boarini. An alias summons for the same defendants issued on January 8, 1970; it was similarly returned. On May 1, 1970, Boarini was served in his individual capacity as stated above. Idstein was never served.

Boarini filed a special limited appearance and a motion to dismiss. He claimed to have had no knowledge of the litigation prior to May 1, 1970, when he was served with summons; and that plaintiff's failure to obtain service prior to May 1, 1970, constituted a lack of diligence resulting in substantial prejudice. The motion to dismiss was denied and Boarini filed his answer. He then moved for summary judgment on the ground that he was neither owner nor licensee of Caroll's Arbor Resort and Marina.

Plaintiffs, both in *Jackson* and in the case at bar, were subsequently granted leave to amend their complaints by adding the corporation as a defendant. Each defendant moved to dismiss the amended complaint. The motion was granted on the ground that the corporation had not been made a party to the action within the one-year statute of limitations and that by failing to establish that the corporation or its agents had any knowledge of the action before the expiration of the limitations period, plaintiff had failed to comply with section 2—616(d)(4).

In *Jackson*, the plaintiff contended that the section 2—616(d)(4) requirement was met because knowledge of the pending suit is pre-

sumed from the date of the filing of the original complaint without regard to the date defendant is served or acquires knowledge of the suit. It was also plaintiffs' position that if the lawsuit against Boarini, individually, could be sustained even though he was served after the limitations period, the result should not be different because plaintiff later discovered the proper party was the corporation. This court rejected the plaintiff's contention and found that neither Boarini nor the corporation had knowledge of plaintiff's cause of action prior to the expiration of the statute of limitations. The court further stated that, "[u]nder the common law, failure to join the proper party before the running of the statute of limitations was fatal to the plaintiffs' claim" and that "section [2—616(d)] was intended to eliminate this harsh result while continuing to safeguard against undermining the statute of limitations." (*Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 676, 308 N.E.2d 143.) Courts have consistently held that in order to come within the scope of section 2—616(d), the party who is joined after the limitations period must have acquired the requisite knowledge of the cause of action within the limitations period, even though in the wrong capacity. 17 Ill. App. 3d 672, 676, 308 N.E.2d 143.

Plaintiff in the instant case argued that service on Barbara Davies or John Davies was service on the corporation; that a suit against Barbara Davies or John Davies was in fact a suit against the corporation. If we were to agree, it remains that neither the Davies nor John Davies, Inc., were served or had knowledge of plaintiff's alleged cause of action within the statute of limitations period.

We find that the plaintiff did not satisfy the section 2—616(4)(d) requirement. Therefore the trial court did not err in dismissing the suit on the ground that it was barred by the statute of limitations.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.