WILLIAM BIGGERSTAFF *et al.*, Plaintiffs-Appellants, v. TIMOTHY MORAN *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—95—3474

Opinion filed September 30, 1996.

Kralovec, Jambois & Schwartz, of Chicago, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Richard A. Stevens, Allen Kirsh, Sara Dillery Hynes, and Douglas S. Steffenson, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, William Biggerstaff and Janet Klein, brought this action to recover damages for personal injuries sustained in an automobile accident. The named defendants were Thomas Moran, the driver of the automobile, on a negligence theory, and Cook County, Illinois, on a *respondeat superior* theory. The trial court granted Cook County's motion for summary judgment on the basis that it was not a proper defendant, then denied plaintiffs' motion for leave to file an amended complaint to name the Cook County State's Attorney as a defendant under the *respondeat superior* theory after the statute of limitations had expired. The trial court found that the amended complaint did not relate back to the original pleading under section 2—616(d) of the Code of Civil Procedure. 735 ILCS 5/2—616(d) (West 1992). On appeal, plaintiffs assert that (1) Cook County

was Moran's employer at the time of the accident; and (2) their proposed amended complaint related back to the original pleading.

The main issue in this case is whether Cook County is vicariously liable for the negligent actions of an assistant State's Attorney under the *respondeat superior* doctrine.

On November 18, 1992, plaintiffs were riding in an automobile that was struck from behind by an automobile driven by defendant Moran, who was an assistant State's Attorney. On November 8, 1993, plaintiffs filed a complaint against Moran and Cook County, which were properly served process, and discovery proceeded through 1994. On January 12, 1995, Cook County filed a motion for summary judgment, asserting that it was not a proper party because Moran was employed by the Cook County State's Attorney, not by Cook County. In plaintiffs' response to the summary judgment motion, they claimed that Cook County was a proper party, but also argued that they should be granted leave to file an amended complaint naming the Cook County State's Attorney as an additional defendant.

After hearing arguments, the trial court granted Cook County's motion for summary judgment and denied plaintiffs leave to amend their complaint on the basis that the relation-back doctrine did not apply. In making its decision, the trial court relied on *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926 (1994).

■ Plaintiffs' first assertion on appeal is that summary judgment was improperly granted to Cook County and that *Moy*, 159 Ill. 2d 519, 640 N.E.2d 926, is not applicable. Plaintiffs argue that *Moy* should be limited to the Cook County sheriff's office and not be extended to the Cook County State's Attorney's office because the relationships between assistant State's Attorneys, the State's Attorney, and Cook County are inseparable.

Plaintiffs stress that Moran's employment situation was so unique that Cook County engaged in discovery without asserting that *Moy* controlled this action. Cook County answered interrogatories and produced documents pertaining to the State's Attorney's general employment practices, Moran's usual employment activities, and his activities on the day of the accident. Plaintiffs further contend that Cook County would not have been able to answer discovery if it were not, in fact, Moran's employer.

We disagree. The trial court's reliance on *Moy* was proper. *Moy*, 159 Ill. 2d at 521-26, involved the death of an inmate while he was confined at the Cook County jail, which is under the direction of the Cook County sheriff. The Illinois Supreme Court ruled that Cook County was not vicariously liable for the Cook County sheriff's alleged negligence under the doctrine of *respondeat superior*. *Moy*, 159

Ill. 2d at 532. *Respondeat superior* did not apply because the Cook County sheriff is a county officer, not a county employee. *Moy*, 159 Ill. 2d at 532.

*Moy* held the sheriff's office was created by article VII of the Illinois Constitution (Ill. Const. 1970, art. VII, § 4(c)); (2) the sheriff is required to take an oath prescribed by the constitution before starting the duties of his office (55 ILCS 5/3—6004 (West 1992)); (3) the sheriff's duties do not arise out of a contract or depend for their duration upon the terms of a contract; (4) the sheriff has "those duties, powers and functions provided by law and those provided by county ordinance·*** [and] the duties, powers or functions derived from common law or historical precedent unless altered by law or county ordinance" (Ill. Const. 1970, art. VII, § 4(d)); (5) the sheriff is elected for four-year terms (Ill. Const. 1970, art. VII, § 4(c)); and (6) the sheriff's duties are continuous, without regard to the particular person who holds the office. *Moy*, 159 Ill. 2d at 529-30. The court concluded that the doctrine of *respondeat superior* had no application because the position of sheriff is an office and not a mere employment. *Moy*, 159 Ill. 2d at 530.

Cook County also argues that the constitutional distinction between the State's Attorney and the county is more pronounced than that between the sheriff and the county. While the supreme court ruled in *Moy* that the sheriff is a county officer, it held in *Ingemunson v. Hedges*, 133 Ill. 2d 364, 367-70, 549 N.E.2d 1269 (1990), that the State's Attorney is a state officer, whose office was established by section 19 of article VI (Ill. Const. 1970, art. VI, § 19).

The *Moy* court applied the characteristics of an officer as enumerated in *People ex rel. Landers v. Toledo, St. Louis & Western R.R. Co.*, 267 Ill. 142, 145-46, 107 N.E. 879 (1915), which held that assistant State's Attorneys are officers, not employee-agents. If there is no employment relationship, the doctrine of *respondeat superior* does not apply. *Moy*, 159 Ill. 2d at 524.

The supreme court also examined the factors that determine an employment relationship. Although several factors are relevant, the critical factor is the right to control, which includes the power of discharge. *Moy*, 159 Ill. 2d at 525. Because Cook County has no authority to control the sheriff's office, it cannot be considered its employer. *Moy*, 159 Ill. 2d at 526.

Just as Cook County is not vicariously liable for the Cook County sheriff's negligent acts because the sheriff is a county officer, not a county employee, Cook County is not vicariously liable for the Cook County State's Attorney's negligent acts. Moreover, the State's Attorney is a step farther away from having an employment relation-

ship with Cook County because he is a state officer whose office was constitutionally created under the judiciary article. Ill. Const. 1970, art. VI, § 19; *Ingemunson v. Hedges*, 133 Ill. 2d at 370; *Hoyne v. Danisch*, 264 Ill. 467, 470-72, 106 N.E. 341 (1914).

Based on *Moy, Ingemunson, Landers*, and *Hoyne*, we conclude that the trial court properly held that Moran was not a Cook County employee at the time of the accident. *Moy* makes the determination that Cook County cannot be vicariously liable for the actions of the Cook County sheriff under the doctrine of *respondeat superior* because the sheriff is a county officer, not an employee. *Landers* held that assistant State's Attorneys are officers who perform the general duties of the State's Attorney's office, not employee-agents who perform a particular act or duty. *Ingemunson* and *Hoyne* held that the State's Attorney is a state officer. Taking these cases together, it is clear that Cook County is not vicariously liable for the negligent actions of an assistant State's Attorney under the *respondeat superior* doctrine.

Given our decision, plaintiffs argue that they should be granted leave to amend their complaint to name the Cook County State's Attorney as a defendant and that the trial court erred in finding that the relation-back doctrine does not apply. Even though plaintiffs did not tender a proposed amended complaint to the trial court, they preserved the issue for appeal.

■ A proposed written amendment is not always necessary for this court to consider whether the trial court abused its discretion in denying the plaintiff leave to file an amended complaint. While a proposed amendment is desirable, it is not crucial if the record shows that the plaintiff articulated the amendment's substance and reasons to the trial court in such a manner that the materiality of the proposed alteration was made plain to the court. *Smith v. Chemical Personnel Search, Inc.*, 215 Ill. App. 3d 1078, 1085, 576 N.E.2d 340 (1991); *Baker v. Walker*, 173 Ill. App. 3d 836, 842, 528 N.E.2d 5 (1988).

In plaintiffs' reply to Cook County's summary judgment motion, they requested leave to file an amended complaint. They argued their position extensively, clearly indicating the proposed contents. Cook County addressed the issue in its reply brief, and the issue was argued in the trial court. The court was fully aware of the proposed contents of the amended complaint and made a specific finding that an amended complaint would not relate back to the original complaint. Based on that finding, the trial court denied plaintiffs leave to file an amended complaint, but did allow them to file the proposed amended complaint in the record. As a result, this court can consider whether the trial court abused its discretion in denying plaintiffs leave to file an amended complaint.

■ We find that the trial court properly denied plaintiffs' motion for leave to file an amended complaint because the relation-back doctrine does not apply. The relation-back doctrine provides that all of the requirements of section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 1992)) must be satisfied before a plaintiff can add a defendant after the statute of limitations has expired. *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1083, 657 N.E.2d 12 (1995). Section 2—616(d) contains the following five requirements:

> "(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2—616(d) (West 1992).

While the parties do not dispute that the original complaint was filed within the statute of limitations period or that the cause of action in the original and amended complaints grew out of the same occurrence, Cook County asserts that plaintiffs did not satisfy the inadvertence, service of summons, or knowledge requirement.

In arguing that they inadvertently failed to name the Cook County State's Attorney as a defendant, plaintiffs stress that Moran believed that his employer was Cook County and Cook County proceeded as if it were a proper party until January 1995, when it filed its summary judgment motion. Plaintiffs contend that they did not decide against naming the Cook County State's Attorney as a defendant knowing that he was Moran's employer, but mistakenly thought that Cook County was his employer.

Plaintiffs analogize this case to *Suste v. Sterr*, 135 Ill. App. 3d 652, 653, 482 N.E.2d 184 (1985), where the plaintiff filed a complaint to recover damages for personal injuries he sustained in an automobile accident. He named the driver of the other automobile as a defendant as well as the driver's employer, a sole proprietor. *Suste*, 135 Ill. App. 3d at 653. After learning that the actual employer was a corporation, not the sole proprietorship, he filed and served an amended complaint on the corporation. *Suste*, 135 Ill. App. 3d at 653. The trial court properly granted summary judgment to the sole pro-

prietor because he was not the plaintiff's actual employer, but it abused its discretion when it denied the plaintiff leave to file an amended complaint. *Suste*, 135 Ill. App. 3d at 656. The plaintiff's failure to more thoroughly investigate the defendant's employer was not a lack of due diligence, but was inadvertence. *Suste*, 135 Ill. App. 3d at 654.

Plaintiffs contrast *Newey v. Newey*, 215 Ill. App. 3d 993, 1000, 576 N.E.2d 137 (1991), where the plaintiffs chose to sue only the trust even though they knew the identity of the trust's beneficiaries when they filed their original complaint. The trial court's order denying the plaintiffs leave to amend their complaint was affirmed because the failure to name the beneficiaries as defendants was not inadvertent. *Newey*, 215 Ill. App. 3d at 1006.

Inadvertence is excusable ignorance, not excusable failure to act after the facts are discovered. *Newey*, 215 Ill. App. 3d at 998. In the context of section 2—616(d)(2), ignorance connotes a lack of knowledge of the identity or existence of a defendant. *Newey*, 215 Ill. App. 3d at 998. There is a distinction between ignorance of law and ignorance of fact. While lack of knowledge about the identity or existence of a defendant is excusable ignorance, lack of knowledge of the law governing the situation is not. *Newey*, 215 Ill. App. 3d at 1000.

We agree with Cook County that plaintiffs' mistake in this case resulted from an ignorance of the law, not an ignorance of fact. At the time they filed their complaint, they knew that Moran was an assistant State's Attorney, hired by the Cook County State's Attorney, and subject to being fired by the Cook County State's Attorney. Despite that knowledge, they chose to name Cook County as Moran's employer instead of the Cook County State's Attorney. Furthermore, case law that had been decided long before plaintiffs filed their original complaint determined that assistant State's Attorneys are officers who perform the general duties of the State's Attorney's office, not employee-agents who perform a particular act or duty (*Landers*, 267 Ill. at 145-46), and that the State's Attorney is a state officer (*Ingemunson*, 133 Ill. 2d at 367-70; *Hoyne*, 264 Ill. at 470-72). Moreover, our supreme court's decision in *Moy* was filed on July 28, 1994, prior to the expiration of the statute of limitations in this case. As a result, plaintiffs' mistake was an ignorance of the law, which cannot be considered inadvertent.

The next issue is whether the Cook County State's Attorney was actually served summons. Plaintiffs argue that their service of summons on Moran was sufficient to constitute service on the State's Attorney's office because Moran was an agent of that office. Plaintiffs analogize Moran's position with that of the defendants in *Suste*, 135

Ill. App. 3d at 656, and *Leonard v. City of Streator*, 113 Ill. App. 3d 404, 406, 447 N.E.2d 489 (1983). However, the persons actually served in those cases were officers of the corporations that the plaintiffs later sought to add as named defendants.

Service on Moran cannot be considered service on the State's Attorney. The original complaint did not refer to Moran as an assistant State's Attorney or mention the State's Attorney. Furthermore, Moran was personally served at his home and was represented by his personal insurance company. Thus, Moran cannot be considered an agent of the State's Attorney for the purpose of service of summons.

Finally, plaintiffs may have failed to show that the State's Attorney had actual knowledge that the pending action concerned him before the statute of limitations expired. Cook County argues that not only can Moran's knowledge of this action not be imputed to the State's Attorney, but the State's Attorney's representation of Cook County is not sufficient to show knowledge. Perhaps Cook County is correct, but we do not need to decide this issue.

Given plaintiffs' failure to satisfy all the requirements of the relation-back doctrine, the trial court did not abuse its discretion when it denied plaintiffs leave to file an amended complaint. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467, 605 N.E.2d 493 (1992).

Based on the foregoing, we affirm the circuit court's judgment.

Affirmed.

GREIMAN and GALLAGHER, JJ., concur.