THIRD DIVISION
 SEPTEMBER 30, 1996













No. 1--95--3474

WILLIAM BIGGERSTAFF and JANET KLEIN,

 Plaintiffs-Appellants,

 v.

TIMOTHY MORAN and COUNTY OF COOK,
ILLINOIS, a Municipal Corporation,

 Defendants-Appellees.)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County

No. 93--L--13644

Honorable
Kathy M. Flanagan,
Judge Presiding.


 JUSTICE CERDA delivered the opinion of the court:
 Plaintiffs, William Biggerstaff and Janet Klein, brought
this action to recover damages for personal injuries sustained in
an automobile accident. The named defendants were Thomas Moran,
the driver of the automobile, on a negligence theory, and Cook
County, Illinois, on a respondeat superior theory. The trial
court granted Cook County's motion for summary judgment on the
basis that it was not a proper defendant, then denied plaintiffs'
motion for leave to file an amended complaint to name the Cook
County State's Attorney as a defendant under the respondeat
superior theory after the statute of limitations had expired. 
The trial court found that the amended complaint did not relate
back to the original pleading under section 2-616(d) of the Code
of Civil Procedure. 735 ILCS 5/2-616(d)(West 1992). On appeal,
plaintiffs assert that (1) Cook County was Moran's employer at
the time of the accident; and (2) their proposed amended
complaint related back to the original pleading.
 The main issue in this case is whether Cook County is
vicariously liable for the negligent actions of an assistant
State's Attorney under the respondeat superior doctrine.
 On November 18, 1992, plaintiffs were riding in an
automobile that was struck from behind by an automobile driven by
defendant Moran, who was an assistant State's Attorney. On
November 8, 1993, plaintiffs filed a complaint against Moran and
Cook County, who were properly served process, and discovery
proceeded through 1994. On January 12, 1995, Cook County filed a
motion for summary judgment, asserting that it was not a proper
party because Moran was employed by the Cook County State's
Attorney, not by Cook County. In plaintiffs' response to the
summary judgment motion, they claimed that Cook County was a
proper party, but also argued that they should be granted leave
to file an amended complaint naming the Cook County State's
Attorney as an additional defendant. 
 After hearing arguments, the trial court granted Cook
County's motion for summary judgment and denied plaintiffs leave
to amend their complaint on the basis that the relation-back
doctrine did not apply. In making its decision, the trial court
relied on Moy v. County of Cook, 159 Ill. 2d 519, 640 N.E.2d 926
(1994). 
 Plaintiffs' first assertion on appeal is that summary
judgment was improperly granted to Cook County and that Moy, 159
Ill. 2d 519, is not applicable. Plaintiffs argue that Moy should
be limited to the Cook County Sheriff's Office and not be
extended to the Cook County State's Attorney's Office because the
relationships between assistant State's Attorneys, the State's
Attorney, and Cook County are inseparable. 
 Plaintiffs stress that Moran's employment situation was so
unique that Cook County engaged in discovery without asserting
that Moy controlled this action. Cook County answered
interrogatories and produced documents pertaining to the State's
Attorney's general employment practices, Moran's usual employment
activities, and his activities on the day of the accident. 
Plaintiffs further contend that Cook County would not have been
able to answer discovery if it were not, in fact, Moran's
employer. 
 We disagree. The trial court's reliance on Moy was proper. 
Moy, 159 Ill. 2d at 521-26, involved the death of an inmate while
he was confined at the Cook County jail, which is under the
direction of the Cook County Sheriff. The Illinois Supreme Court
ruled that Cook County was not vicariously liable for the Cook
County Sheriff's alleged negligence under the doctrine of
respondeat superior. Moy, 159 Ill. 2d at 532. Respondeat
superior did not apply because the Cook County Sheriff is a
county officer, not a county employee. Moy, 159 Ill. 2d at 532. 
 Moy held the Sheriff's Office was created by article VII of
the Illinois Constitution (Ill. Const. 1970, art. VII, Sec.
4(c)); (2) the sheriff is required to take an oath prescribed by
the constitution before starting the duties of his office (55
ILCS 5/3-6004 (West 1992); (3) the sheriff's duties do not arise
out of a contract or depend for its duration upon the terms of a
contract; (4) the sheriff has "those duties, powers and functions
provided by law and those provided by county ordinance***[and]
the duties, powers or functions derived from common law or
historical precedent unless altered by law or county ordinance."
(Ill. Const. 1970, art. VII, Sec. 4(d)); (5) the sheriff is
elected for four-year terms (Ill. Const. 1970, art. VII, Sec.
4(c)); and (6) the sheriff's duties are continuous, without
regard to the particular person who holds the office. Moy, 159
Ill. 2d at 529-30. The court concluded that the doctrine of
respondeat superior had no application because the position of
sheriff is an office and not a mere employment. Moy, 159 Ill. 2d
at 530. 
 Cook County also argues that the constitutional distinction
between the State's Attorney and the county is more pronounced
than that between the Sheriff and the county. While the supreme
court ruled in Moy that the sheriff is a county officer, it held
in Ingemunson v. Hedges, 133 Ill. 2d 364, 367-370, 549 N.E.2d
1269 (1990), that the State's Attorney is a State officer, whose
office was established by section 19 of article VI (Ill. Const.
1970, art. VI, Sec. 19). 
 The Moy court applied the characteristics of an officer as
enumerated in People ex rel. Landers v. Toledo, St. Louis &
Western R.R. Co., 267 Ill. 142, 145-46, 107 N.E. 879 (1915),
which held that assistant State's Attorneys are officers, not
employee-agents. If there is no employment relationship, the
doctrine of respondeat superior does not apply. Moy, 159 Ill. 2d
at 524.
 The supreme court also examined the factors that determine
an employment relationship. Although several factors are
relevant, the critical factor is the right to control, which
includes the power of discharge. Moy, 159 Ill. 2d at 525. 
Because Cook County has no authority to control the Sheriff's
Office, it cannot be considered its employer. Moy, 159 Ill. 2d
at 526. 
 Just as Cook County is not vicariously liable for the Cook
County Sheriff's negligent acts because the Sheriff is a county
officer, not a county employee, Cook County is not vicariously
liable for the Cook County State's Attorney's negligent acts. 
Moreover, the State's Attorney is a step further away from having
an employment relationship with Cook County because he is a state
officer whose office was constitutionally created under the
judiciary article. Ill. Const. 1970, art. VI, Sec. 19;
Ingemunsonv. Hedges, 133 Ill. 2d at 370; Hoyne v. Danisch, 264
Ill. 467, 470-72, 106 N.E. 341 (1914)). 
 Based on Moy, Ingemunson, Landers, and Hoyne, we conclude
that the trial court properly held that Moran was not a Cook
County employee at the time of the accident. Moy makes the
determination that Cook County cannot be vicariously liable for
the actions of the Cook County Sheriff under the doctrine of
respondeat superior because the sheriff is a county officer, not
an employee. Landers held that assistant State's Attorneys are
officers who perform the general duties of the State's Attorney's
Office, not employee-agents who perform a particular act or duty. 
Ingemunson and Hoyne held that the State's Attorney is a state
officer. Taking these cases together, it is clear that Cook
County is not vicariously liable for the negligent actions of an
assistant State's Attorney under the respondeat superior
doctrine. 
 Given our decision, plaintiffs argue that they should be
granted leave to amend their complaint to name the Cook County
State's Attorney as a defendant and that the trial court erred in
finding that the relation-back doctrine does not apply. Even
though plaintiffs did not tender a proposed amended complaint to
the trial court, they preserved the issue for appeal.
 A proposed written amendment is not always necessary for
this court to consider whether the trial court abused its
discretion in denying the plaintiff leave to file an amended
complaint. While a proposed amendment is desirable, it is not
crucial if the record shows that the plaintiff articulated the
amendment's substance and reasons to the trial court in such a
manner that the materiality of the proposed alteration was made
plain to the court. Smith v. Chemical Personnel Search, Inc.,
215 Ill. App. 3d 1078, 1085, 576 N.E.2d 340 (1991); Baker v.
Walker, 173 Ill. App. 3d 836, 842, 528 N.E.2d 5 (1988).
 In plaintiffs' reply to Cook County's summary judgment
motion, they requested leave to file an amended complaint. They
argued their position extensively, clearly indicating the
proposed contents. Cook County addressed the issue in its reply
brief, and the issue was argued in the trial court. The court
was fully aware of the proposed contents of the amended complaint
and made a specific finding that an amended complaint would not
relate back to the original complaint. Based on that finding,
the trial court denied plaintiffs leave to file an amended
complaint, but did allow them to file the proposed amended
complaint in the record. As a result, this court can consider
whether the trial court abused its discretion in denying
plaintiffs leave to file an amended complaint.
 We find that the trial court properly denied plaintiffs'
motion for leave to file an amended complaint because the
relation-back doctrine does not apply. The relation-back
doctrine provides that all of the requirements of section
2-616(d) of the Code of Civil Procedure (735 ILCS 5/2-616(d)(West
1992)) must be satisfied before a plaintiff can add a defendant
after the statute of limitations has expired. Plooy v. Paryani,
275 Ill. App. 3d 1074, 1083, 657 N.E.2d 12 (1995). Section 2-
616(d) contains the following five requirements:
 "(1) the time prescribed or limited had not expired
 when the original action was commenced; (2) failure to
 join the person as a defendant was inadvertent; (3)
 service of summons was in fact had upon the person, his
 or her agent or partner, as the nature of the defendant
 made appropriate, even though he or she was served in
 the wrong capacity or as agent of another,***; (4) the
 person, within the time that the action might have been
 brought or the right asserted against him or her, knew
 that the original action was pending and that it grew
 out of a transaction or occurrence involving or
 concerning him or her; and (5) it appears from the
 original and amended pleadings that the cause of action
 asserted in the amended pleading grew out of the same
 transaction or occurrence set up in the original
 pleading." 735 ILCS 5/2-616(d)(West 1992).
 While the parties do not dispute that the original complaint
was filed within the statute of limitations period or that the
cause of action in the original and amended complaints grew out
of the same occurrence, Cook County asserts that plaintiffs did
not satisfy the inadvertence, service of summons, or knowledge
requirements. 
 In arguing that they inadvertently failed to name the Cook
County State's Attorney as a defendant, plaintiffs stress that
Moran believed that his employer was Cook County and Cook County
proceeded as if it were a proper party until January 1995 when it
filed its summary judgment motion. Plaintiffs contend that they
did not decide against naming the Cook County State's Attorney as
a defendant knowing that he was Moran's employer, but mistakenly
thought that Cook County was his employer. 
 Plaintiffs analogize this case to Suste v. Sterr, 135 Ill.
App. 3d 652, 653, 482 N.E.2d 184 (1985), where the plaintiff
filed a complaint to recover damages for personal injuries he
sustained in an automobile accident. He named the driver of the
other automobile as a defendant as well as the driver's employer,
a sole proprietor. Suste, 135 Ill. App. 3d at 653. After
learning that the actual employer was a corporation, not the sole
proprietorship, he filed and served an amended complaint on the
corporation. Suste, 135 Ill. App. 3d at 653. The trial court
properly granted summary judgment to the sole proprietor because
he was not the plaintiff's actual employer, but abused its
discretion when it denied the plaintiff leave to file an amended
complaint. Suste, 135 Ill. App. 3d at 656. The plaintiff's
failure to more thoroughly investigate the defendant's employer
was not a lack of due diligence, but was inadvertence. Suste,
135 Ill. App. 3d at 656. 
 Plaintiffs contrast Newey v. Newey, 215 Ill. App. 3d 993,
1000, 576 N.E.2d 137 (1991), where the plaintiffs chose to sue
only the trust even though they knew the identity of the trust's
beneficiaries when they filed their original complaint. The
trial court's order denying the plaintiffs leave to amend their
complaint was affirmed because the failure to name the
beneficiaries as defendants was not inadvertent. Newey, 215 Ill.
App. 3d at 1006. 
 Inadvertence is excusable ignorance, not excusable failure
to act after the facts are discovered. Newey, 215 Ill. App. 3d
at 998. In the context of section 2-616(d)(2), ignorance
connotes a lack of knowledge of the identity or existence of a
defendant. Newey, 215 Ill. App. 3d at 998. There is a
distinction between ignorance of law and ignorance of fact. 
While lack of knowledge about the identity or existence of a
defendant is excusable ignorance, lack of knowledge of the law
governing the situation is not. Newey, 215 Ill. App. 3d at 1000.
 We agree with Cook County that plaintiffs' mistake in this
case resulted from an ignorance of the law, not an ignorance of
fact. At the time they filed their complaint, they knew that
Moran was an assistant State's Attorney, hired by the Cook County
State's Attorney, and subject to being fired by the Cook County
State's Attorney. Despite that knowledge, they chose to name
Cook County as Moran's employer instead of the Cook County
State's Attorney. Furthermore, case law that had been decided
long before plaintiffs filed their original complaint determined
that assistant State's Attorneys are officers who perform the
general duties of the State's Attorney's Office, not employee-
agents who perform a particular act or duty (Landers, 267 Ill. at
145-46) and that the State's Attorney is a state officer
(Ingemunson, 133 Ill. 2d at 367-370; Hoyne, 264 Ill. at 470-72). 
Moreover, our supreme court's decision in Moy was filed on July
28, 1994, prior to the expiration of the statute of limitations
in this case. As a result, plaintiffs' mistake was an ignorance
of the law, which cannot be considered inadvertent.
 The next issue is whether the Cook County State's Attorney
was actually served summons. Plaintiffs argue that their service
of summons on Moran was sufficient to constitute service on the
State's Attorney's Office because Moran was an agent of that
office. Plaintiffs analogize Moran's position with that of the
defendants in Suste, 135 Ill. App. 3d at 656, and Leonard v. City
of Streator, 113 Ill. App. 3d 404, 406, 447 N.E.2d 489 (1983). 
However, the persons actually served in those cases were officers
of the corporations that the plaintiffs later sought to add as
named defendants. 
 Service on Moran cannot be considered service on the State's
Attorney. The original complaint did not refer to Moran as an
assistant State's Attorney nor mention the State's Attorney. 
Furthermore, Moran was personally served at his home and was
represented by his personal insurance company. Thus, Moran
cannot be considered an agent of the State's Attorney for the
purpose of service of summons. 
 Finally, plaintiffs may have failed to show that the State's
Attorney had actual knowledge that the pending action concerned
him before the statute of limitations expired. Cook County
argues that not only can Moran's knowledge of this action not be
imputed to the State's Attorney, but the State's Attorney's
representation of Cook County is not sufficient to show
knowledge. Perhaps Cook County is correct, but we do not need to
decide this issue.
 Given plaintiffs' failure to satisfy all the requirements of
the relation-back doctrine, the trial court did not abuse its
discretion when it denied plaintiffs leave to file an amended
complaint. Lee v. Chicago Transit Authority, 152 Ill. 2d 432,
467, 605 N.E.2d 493 (1992).
 Based on the foregoing, we affirm the circuit court's
judgment.
 Affirmed.
 Greiman, and Gallagher, JJ., concur.