## Theresa Gonzalez, Plaintiff-Appellant, v. Seymour B. Seiff, Defendant-Appellee.

### Gen. No. 51,817.

First District, Third Division.

December 14, 1967.

Joseph B. Gilbert, of Chicago, for appellant.

George F. Barrett, of Chicago (Donald J. Duffy, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order dismissing plaintiff's cause of action against defendant, Seiff.

Plaintiff filed her original complaint on April 19, 1963, against Norman Stone alleging that she was injured on December 25, 1962, as she was alighting from a taxicab operated by Stone. Plaintiff was accompanied by her husband and five minor children, ages one month to six years, when the accident occurred.

On September 17, 1963, plaintiff filed interrogatories and the answers thereto were filed by Stone on October

22, 1963. Those answers set forth that the name appearing on the taxicab was American United Cab Association; that Seymour Seiff was the owner of the vehicle involved; that Stone's relationship to the association was that of member and driver for associate member and owner of the vehicle, Seymour B. Seiff; that Seiff was the named insured on a public liability insurance policy covering the vehicle issued by Prudence Mutual Casualty Company, and that Stone was also covered by that policy.

On November 5, 1965, counsel for Stone filed a motion to spread of record the death of Stone as of December 15, 1964. Plaintiff thereupon was permitted to file an amended complaint against the administrator of Stone's estate. On April 29, 1966, on motion of plaintiff, she was given leave to file instanter her second amended complaint against Seiff, and Stone's administrator was dismissed as a defendant. Defendant Seiff was served with process July 5, 1966.

On July 27, 1966, defendant moved to dismiss plaintiff's complaint on the ground that it was barred by the statute of limitations. The court entered an order allowing that motion. It is from that order that plaintiff appeals.

Plaintiff contends on appeal that she was within the exception to the Limitations Act provided in section 46 (4) of the Civil Practice Act. (Ill Rev Stats 1965, c 110, par 46.) The statute reads in part as follows:

"(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was

128

in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, . . . ; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, . . . even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."

Defendant's position is that plaintiff did not meet the requirement of subsection (b) dealing with the inadvertent failure to join Seiff as defendant.

Plaintiff argues that the word "inadvertent" is defined as "not turning the mind to a matter; heedless; negligent; inattentive." (Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 269, 175 NE2d 287 (1961).) She says that it was heedless or negligent not to anticipate the possibility that the driver might die during the course of litigation. While plaintiff may not have considered the possibility she did have knowledge that Seiff was the owner of the vehicle, and this information was disclosed to plaintiff in answers to interrogatories filed some fourteen months prior to the running of the statute of limitations. Plaintiff points out that it was not necessary to add Seiff as an additional defendant then because the driver, Stone, was a true defendant and was covered by the same policy of insurance as was Seiff. By that very

statement plaintiff shows that failure to join Seiff was the result of a deliberate decision to sue less than all the tortfeasors and not mere failure to consider joining the owner.

A case factually similar to the case at bar is Horan v. Brenner, 57 Ill App2d 83, 206 NE2d 488 (1965). In that case plaintiff filed an action for personal injuries against an individual. Immediately after the accident plaintiff was informed of the identity and location of the corporation whose car and whose agent were involved in the occurrence and yet he took no action against the corporation until seven years after the accident. The court there held that the failure to join the corporation as a defendant was not inadvertent because plaintiff knew of the facts and did not act thereon. That court cited Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 176 NE2d 659 (1961), wherein it was said:

> "In our view the word 'inadvertence' means excusable ignorance, not excusable failure to act after the facts are discovered. When plaintiff read the answers to the interrogatories she knew the identity of the proper defendants. She was not then ignorant of any fact. A plaintiff must act with reasonable diligence after the identity of the true defendants becomes known."

See also Solone v. Reck, 55 Ill App2d 282, 204 NE2d 614 (1965).

In our opinion plaintiff in the case at bar is not within the intended coverage of section 46(4). Even under the definition of inadvertent urged by plaintiff she can have no relief. She was not heedless or negligent in failing to join Seiff. Whatever her reason for failing to do so, it was a decision reached when she was in possession of the knowledge that Seiff was the owner of the vehicle involved in the alleged accident.

For the foregoing reasons the order of the trial court must be affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.