JOHN HIX, Plaintiff-Appellant, *v.* BENNIE N. AMATO, Defendant-Appellee.

Third District   No. 77-1

Opinion filed July 13, 1977.

Frank G. Schubert, of Rock Island, for appellant.

Robert C. Stoerzbach, of Barash & Stoerzbach, of Galesburg, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiff John Hix appeals from an order of the Circuit Court of Knox County rendering summary judgment in favor of defendant Bennie N. Amato on a negligence count filed in conjunction with a Dramshop action. Plaintiff also appeals from the order of such court denying plaintiff's motion for leave to file an amended complaint.

John Hix brought the action with which we are concerned in the Circuit Court of Knox County against defendant Bennie N. Amato to recover for personal injuries sustained in an altercation in a dramshop in a Galesburg hotel. Plaintiff's amended complaint contained 2 counts, which sought recovery under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 94 *et seq.*) and under theories of common law negligence. Defendant moved for summary judgment on the negligence count, on the ground that defendant was not in the possession or control of the dramshop in question. Plaintiff moved for leave to file a third amended complaint pursuant to section 46(4)) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)), which proposed amended complaint added Helen Joan Galloway (now Long) as a defendant even though the applicable statute of limitations had run. The trial court entered summary judgment in favor of defendant on the negligence count, as we have indicated, and also denied the motion for leave to file the amended complaint. The appeal is taken to this court pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)). Plaintiff contends on appeal (1) that the trial court erred in granting defendant's motion for summary judgment on the negligence count and (2) that the trial court erred in denying plaintiff's motion for leave to file the amended complaint.

From the record it is noted that defendant Bennie N. Amato is the owner of the Custer's Hotel in Galesburg, Illinois, in which a dramshop called the "Three Crown Room" is located. It appears that in November 1973 the Three Crown Room was operated under a liquor license issued to defendant Bennie N. Amato. We also note that as a factual basis for his action plaintiff has alleged that, while he was a patron in the Three Crown Room on November 14, 1973, he sustained personal injuries when he was assaulted by an intoxicated person who was armed with a steel tire iron. On March 30, 1974, the initial two-count complaint was filed against "Bennie M. Amato, d/b/a Custer Hotel Three Crown Room and Bennie M. Amato individually." Count I was brought by plaintiff John Hix and stated a cause of action under the Dramshop Act. Count II of the complaint was brought by Barbara Hix and sought recovery under the Dramshop Act for loss of support occasioned by plaintiff's injuries sustained in the Three Crown Room. Both counts of the complaint

alleged that defendant was the owner, operator and licensee of the Three Crown Room. The complaint was answered on behalf of defendant by certain Rock Island attorneys who represent defendant only with respect to possible liability under the Dramshop Act. Defendant filed an answer to the complaint, on May 1, 1974, which admitted that he was the owner, operator and licensee of the Three Crown Room.

On April 11, 1975, the trial court granted plaintiff's motion to dismiss count II of the complaint voluntarily and to add a new count II to the complaint. Count II, as amended, sought to recover for plaintiff's personal injuries on the basis of negligence, and alleged that defendant had negligently failed to protect plaintiff while he was a patron in the Three Crown Room. Defendant was represented, on the amended count II, by Galesburg attorneys who now represent him on appeal in this court. Defendant then moved, through his Galesburg attorneys, to strike from the caption of the case and from the portions of the complaint the words "d/b/a Custer Hotel Three Crown Room and Bennie N. Amato individually," on the ground that "such words constitute an improper designation of the identity of said defendant." On September 8, 1975, the trial court granted defendant's motion, and ordered that the language be striken from the caption and from the introductory and ad damnum paragraphs of the complaint. On September 2, 1975, plaintiff filed an amended count II which was captioned merely against "Bennie M. Amato, defendant."

On February 5, 1976, defendant Amato through his Rock Island attorneys filed an amendment to his answer to count I of the complaint, in which answer defendant admitted that on November 14, 1973, defendant was the licensee of the Three Crown Room; denied that he was then the operator of the Three Crown Room; and further stated that the business was then leased to Helen Galloway. On June 22, 1976, defendant, through his Galesburg attorneys, filed an answer to count II of the amended complaint, and in such answer denied that defendant was the operator and licensee of the Three Crown Room, and also filed a motion for summary judgment as to count II on the ground that defendant was not in possession or control of the Three Crown Room at the time of plaintiff's alleged injuries.

As to count II, the summary judgment motion was supported by affidavits of defendant and Galloway which stated that, while the Three Crown Room had previously been operated by defendant, at the time in question Galloway operated the Three Crown Room under an oral lease from defendant and under defendant's liquor license; that defendant received a flat cash rent for the premises and license from Galloway, and that defendant had no control over the operation of the Three Crown Room. On July 8, 1976, plaintiff filed a motion for leave to file a third

amended complaint naming as defendants "Bennie N. Amato, d/b/a Custer Hotel Three Crown Room, and Bennie N. Amato individually, and Helen Galloway d/b/a Custer Hotel Three Crown Room." On November 12, 1976, the trial court entered orders denying plaintiff's motion for leave to file a third amended complaint and also granting summary judgment in favor of defendant under count II of the complaint.

We shall first consider the action of the court on the motion to amend the complaint to include Helen Galloway as the named defendant. Under section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)) it is provided:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all of the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as the agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (d) the person within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."

In the instant case plaintiff's motion to add Galloway as a defendant was made after the expiration of the one year period of limitation for an action under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135), and also after the expiration of the two-year period of limitation for an action for personal injuries (Ill. Rev. Stat. 1975, ch. 83, par. 15). It is clear,

however, that on March 30, 1974, when plaintiff brought his original complaint to recover under the Dramshop Act, the one-year period of limitations for that action had not expired, and that on April 11, 1975, when plaintiff first amended his complaint to seek recovery in negligence, the two-year limitation period for that action has not expired.

■■ The trial court, in denying the plaintiff's motion to amend, found that the requirements of provision (c) of section 46(4) for service of summons in fact upon the person, his agent or partner had not been met. We note that service was in fact had upon Amato, and that at the time of plaintiff's alleged injuries the liquor license of the Three Crown Room was issued to Amato. The record establishes that during the period in question Galloway operated the Three Crown Room under an oral lease from Amato and under Amato's liquor license. Section 1 of article II of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 96), provides in part:

> "No person shall * * * blend, sell, barter, * * * deliver, furnish or possess any alcoholic liquor for beverage purposes, except as specifically provided in this Act * * *."

Article V, section 1(d) of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 115(d)) provides in part:

> "A retailers license shall allow the licensee to sell and offer for sale at retail, only in the premises specified in such license, alcoholic liquor for use or consumption, but not for resale in any form * * *."

The Dramshop Act also further specifies in article VI, section 1 (Ill. Rev. Stat. 1975, ch. 43, par. 119) that:

> "A license shall be purely a personal privilege, * * * and shall not constitute property, nor shall it be subject to attachment, garnishment or execution, nor shall it be alienable or transferable, voluntarily or involuntarily, or subject to being encumbered or hypothecated * * *."

We note that it was, therefore, clearly contrary to law for Galloway to operate the Three Crown Room under the liquor license issued to defendant (see also *Hoyt v. McLaughlin* (1911), 250 Ill. 442; *United Breweries Co. v. Price* (1st Dist. 1915), 197 Ill. App. 289). In light of the mandate of article I, section 1 of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 94) that "This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected * * * by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors," certainly, on the arrangement apparently made by Galloway and Amato, it would be proper to consider Amato as the agent of Galloway for the purpose of service of process in matters relating to the Three Crown Room of which Amato was the sole licensee. We therefore conclude that the requirements

of section 46(4)(c) of the Civil Practice Act were met in this case by service upon Amato.

Defendant argues that the requirement of section 46(4)(b) of the Civil Practice Act, to the effect that "failure to join the person as a defendant was inadvertent," has not been met in this case. Defendant states that on two occasions plaintiff or plaintiff's attorney was advised that the Three Crown Room and its operation had been leased to Galloway. Defendants asserts that on March 21, 1975, Saundra Brown stated in a discovery deposition that she was working as a cocktail waitress at the Three Crown Room and that at such time "Galloway was leasing it off of Bennie (defendant)." Further, in the amendment to answers to plaintiff's supplemental interrogatories filed by defendant on August 26, 1975, it was stated that "On the day of the incident alleged in plaintiff's complaint, Helen Joan Galloway was the lessee of the business and manager of the business." We note, however, that these revelations were made after the period of limitations for the Dramshop action had expired and that the statements could affect, at most, plaintiff's action based on negligence. The Appellate Court of this State, First District, in *Robinson v. Chicago National Bank* (1st Dist. 1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659, stated:

> "In our view the word 'inadvertence' [section 46(4)(c) of the Civil Practice Act] means excusable ignorance, not excusable failure to act after the facts are discovered. When plaintiff read the answers to the interrogatories she knew the identity of the proper defendants. She was not then ignorant of any fact. A plaintiff must act with reasonable diligence after the identity of the true defendants become known."

At the time, however, that the statements regarding the lease of the Three Crown Room to Galloway were made, defendant had admitted in his answer to count I of the complaint that he was the operator and licensee of the Three Crown Room, and defendant had not answered the negligence count of plaintiff's complaint. It was not until the amendment of defendant's answer to count I on February 5, 1976, and the answer to count II on June 22, 1976, that defendant denied being the operator of the Three Crown Room, and, therefore, that these statements took on their eventual relevance to plaintiff's cause. In such circumstances we conclude that plaintiff's failure to join Galloway was through "inadvertence" within the meaning of section 46(4)(c) of the Civil Practice Act.

Defendant further argues that plaintiff has not shown that Galloway knew within the time that the action might have been brought against her, that the original action was pending and that it grew out of an occurrence involving her, as required by section 46(4)(d) of the Civil Practice Act. We note that Galloway operated the Three Crown Room within the

Custer Hotel, and that defendant Amato was originally served with the summons in the cause as "d/b/a Custer Hotel Three Crown Room." It is further noted that the liquor liability insurance for the Three Crown Room was issued to defendant Amato and to Galloway. An answer to an interrogatory shows that a written statement concerning the occurrence was taken from Galloway sometime between June 27, 1974, and May 16, 1975, which defendant refused to produce for plaintiff on the grounds that Galloway was within the control group of the Custer Hotel. Under such circumstances, we conclude that Galloway had knowledge of the plaintiff's action prior to the expiration of the limitation period for the negligence action on November 14, 1975, and also prior to the limitation period for the Dramshop action on November 14, 1974. We also determine that the requirements of section 46(4) of the Civil Practice Act for the addition of a defendant after the expiration of the period of limitation have been met and, therefore, that the trial court erred in denying plaintiff's motion to amend his pleadings to include Galloway as a defendant.

Plaintiff has made additional arguments on this appeal concerning the impact of "An Act in relation to the use of an assumed business name in the conduct or transaction of business in this State" (Ill. Rev. Stat. 1975, ch. 96, par. 4 *et seq.*) with respect to defendant's and Galloway's failure to comply therewith, but in light of our determination with respect to the Civil Practice Act, we do not believe consideration of those issues is now required.

■■ Plaintiff further argues that the trial court erred in entering summary judgment in favor of defendant on the negligence count of plaintiff's complaint. The affidavits of Galloway and defendant indicate that Galloway leased the premises of the Three Crown Room from defendant; that defendant had no control, in fact, over the operation of the Three Crown Room. Plaintiff contends that there is an estoppel to deny agency on the precedent of the Restatement (Second) of Agency §27, at 103, where it is stated:

> "[A]*pparent authority* to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." (Emphasis added.)

While the facts alleged tend to support the argument as to apparent authority of Amato and Galloway to act for each other, we believe that the circumstance that Galloway operated the dramshop under defendant Amato's liquor license is pertinent in establishing the defendant Amato's responsibility as to the dramshop operation. Under article VI, section 1 of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 119) it is provided that:

768

"A license shall be purely a personal privilege, * * * and shall not * * * be alienable or transferable, voluntarily or involuntarily * * *."

We therefore conclude, as a matter of law, that a liquor licensee cannot, by leasing the dramshop and allowing his lessee to operate the dramshop under lessor's liquor license (an act which is contrary to law), divest himself of the obligation to properly control the operation of the dramshop. Under the facts alleged in the instant case we conclude that defendant Amato, irrespective of any agreement with Galloway, was under a duty to control the Three Crown Room so long as it was operated under his (Amato's) liquor license, with his specific sanction.

■■ It is clear, therefore, that the trial court was in error in granting the motion for summary judgment on the negligence count of plaintiff's complaint, which involves the only issue raised on appeal. For the reasons stated, therefore, the judgment of the Circuit Court of Knox County granting summary judgment in favor of defendant as to count II and in denying plaintiff's request to file a third amended complaint was improper. The orders in this cause are therefore reversed and this cause is remanded to the Circuit Court of Knox County with direction to proceed in the instant case in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

STOUDER and BARRY, JJ., concur.