JAMES WOODWARD *et al.*, Plaintiffs-Appellants, *v.* PRO DEL CORPORATION, Defendant-Appellee.

Fifth District   No. 78-220

Opinion filed October 13, 1978.

Allen W. Large, of Lawrenceville, and John T. Phipps, of Champaign, for appellants.

Douglas A. Enloe, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiffs appeal from a judgment of the trial court dismissing their amended complaint on defendant's motion for summary judgment.

Plaintiffs sought damages for personal injuries caused by an alleged intoxicated person who purchased intoxicants in the Round Up Tavern operated by Bill Fuller under lease from the defendant Pro Del Corporation, the owner of the real estate. Neither Bill Fuller nor the Round Up Tavern had a liquor license in either name. The defendant, Pro Del Corporation, by lease agreement attempted to transfer or assign its

interest in its county and State liquor licenses that were issued to it in its corporate name to Bill Fuller.

The complaint in count I was against the defendant as licensee alleging that the corporate defendant operated the tavern and sold liquor through its agents causing the patron's intoxication and resulting in injuries to James Woodward. Count II contained the same essential allegations claiming loss of means of support of Woodward's wife and son. Defendant filed a motion for summary judgment alleging that it did not operate Round Up Tavern; that neither it nor its agents sold intoxicants and that the intoxicated person, Richardson, was not defendant's patron and did not make his purchases from defendant. The secretary of the defendant corporation attached an affidavit to the motion admitting ownership of the real estate and the liquor licenses issued to it on February 23, 1973, by the County Liquor Commissioner and the State Liquor Commission. The affidavit alleged the lease to Bill Fuller and conveyance "to said Bill Fuller all rights which Pro Del Corporation had in and to the aforesaid liquor licenses." The motion further alleged that Fuller paid the corporation $2,000 for the exclusive right to sell liquors under and by virtue of the licenses and that the regular monthly rental was $200; that defendant did not own any of the tavern equipment, didn't share in its profits and that its only connection with the business was as a lessor.

■■ There is no dispute that during the period in question Fuller operated the Round Up Tavern under Pro Del's liquor license. The purported assignment or transfer of defendant's liquor licenses to Fuller was a nullity; however, it had the legal effect of constituting Fuller the agent of the defendant in the operation of the tavern and the public sale of intoxicants. The licenses could not be effectively transferred by the defendant. The Dramshop Act clearly specifies in article VI, section 1 (Ill. Rev. Stat. 1973, ch. 43, par. 119) that:

> "A license shall be a purely personal privilege * * * and shall not constitute property, nor shall it be subject to attachment, garnishment or execution, nor shall it be alienable or transferable, voluntarily or involuntarily, or subject to being encumbered or hypothecated."

■■ The Dramshop Act further provides that only the licensee is allowed to sell intoxicating liquors at retail (Ill. Rev. Stat. 1973, ch. 43, par. 115(d)). It was, therefore, contrary to law for Fuller to operate the Round Up Tavern under the liquor license issued to the defendant. (*Hix v. Amato* (3d Dist. 1977), 50 Ill. App. 3d 761, 365 N.E.2d 1148; *Hoyt v. McLaughlin* (1911), 250 Ill. 442, 95 N.E. 464).

■■ The trial court in its judgment order erroneously concluded from the

legal conclusions of defendant's affidavit that since defendant denied that it was the operator of the tavern and had no monetary interest in it, that it could not in law be the operator of the tavern although it admitted it was the licensee and owned the licenses that permitted sales of alcoholic beverages. The defendant cannot escape liability under the Dramshop Act by such a purported shift of its responsibilities to someone else whereas in this instance it gained materially from the "sale" of the licenses and from the monthly rental received from an establishment that was in business solely by reason of the defendant's privilege to so sell. To hold otherwise would circumvent the intent and purpose of the entire Dramshop Act and be contrary to the mandate of article I, section 1 of the Act (Ill. Rev. Stat. 1973, ch. 43, par. 94), that:

> "This act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected * * * by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors."

■■ Since we hold that the trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion to vacate the same, counts I and II state a cause of action against the defendant as an operator of the tavern. It therefore becomes unnecessary to rule on the issue of plaintiff's motion for leave to file a third amended complaint to sue the defendant in its capacity as an owner of the premises on which the liquors were sold.

For the foregoing reasons, the judgment of the Circuit Court of Crawford County is reversed.

Reversed.

KARNS and G. J. MORAN, JJ., concur.