JULIA GIBSON, Plaintiff-Appellant, v. RUSSANN, LTD., Defendant-Appellee.

First District (3rd Division)   No. 88—1033

Opinion filed January 25, 1989.

Steven A. Sigmond, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark, Stanley V. Boychuck, and Aaron T. Shepley, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

On January 29, 1984, plaintiff, Julia Gibson, filed suit against the original defendant, International House of Pancakes, Inc. (IHOP), for personal injuries sustained when plaintiff fell in an International House of Pancakes Restaurant in Chicago on January 20, 1983. On June 17, 1986, the trial court entered summary judgment for IHOP and allowed plaintiff to file an amended complaint naming IHOP's franchisee, Russann, Ltd. (Russann), as defendant. Plaintiff filed that complaint on June 23, 1986, and served summons upon Russann on June 27. Plaintiff appeals the trial court's dismissal of her amended complaint, which was dismissed on the ground that Russann had not been served with summons within the applicable limitations period of two years. Ill. Rev. Stat. 1983, ch. 110, par. 13—202.

On appeal, plaintiff contends that section 2—616(d) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)) allows the relation back of the amended complaint against Russann to the filing date of the original complaint against IHOP. Specifically, plaintiff asserts that service of summons upon IHOP's registered agent satisfied the requirement of section 2—616(d)(3) for relation back that "service of summons was in fact had upon the person, his *** agent or partner, *as the nature of the defendant made appropriate*, even though he *** was served in the wrong capacity or as agent of another." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)(3).

Focusing on the italicized language, plaintiff asserts that the

nature of IHOP and Russann, their relationship and plaintiff's knowledge about them, justify relation back of the amended complaint. Plaintiff asserts that to be given effect, the italicized language must be construed as relaxing the literal requirement in section 2—616(d)(3) of an agency relationship between the party originally served with summons and the party later sought to be substituted as a defendant.

We disagree with plaintiff's construction of section 2—616(d)(3) for several reasons. Initially, we find the cases which plaintiff cites as supporting that construction inapposite to this case.

In *Hix v. Amato* (1977), 50 Ill. App. 3d 761, 365 N.E.2d 1148, Hix, seeking recovery for personal injuries under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 94 *et seq.*) and common law negligence, sued Amato, the liquor licensee of the dramshop in which he was injured. Eventually, Amato sought summary judgment on the negligence count on the ground that he was not in possession or control of the dramshop when Hix was injured therein. The trial court granted Amato a summary judgment. It also denied Hix leave to file an amended complaint against Galloway, who admitted the existence of an oral lease with Amato and also admitted operating the dramshop under Amato's liquor license. In so doing, the trial court concluded that the requirement of service of summons upon the party, his agent or partner of now section 2—616(d)(3) had not been met. Disagreeing, the appellate court concluded that service upon Amato satisfied now section 2—616(d)(3).

Contrary to plaintiff's assertion, *Hix* is not on point. In so arguing, plaintiff ignores the basis of the appellate court's conclusion therein. It was in light of the illegality under the Dramshop Act of the arrangement between Amato and Galloway and the legislative mandate of a liberal construction of the Act which caused the court to conclude that "it would be proper to consider Amato as the agent of Galloway for the purpose of service of process in matters relating to the [dramshop] of which Amato was the sole licensee." (*Hix*, 50 Ill. App. 3d at 765.) Plaintiff does not cite any illegality here similar to the illegality of the arrangement in *Hix*. *Hix* is thus of no avail to her.

In *Bisset v. Joseph A. Schudt & Associates* (1985), 133 Ill. App. 3d 356, 478 N.E.2d 911, the plaintiff sued the civil engineer for the Village of Lemont. At the time the plaintiff's cause of action accrued, the defendant was a partnership operated by Schudt and Ranney. Thereafter, but before plaintiff filed suit, Schudt and Ranney incorporated. The plaintiff filed the action against the corporation and then amended it to substitute the partnership. The appellate court held

that the trial court properly allowed the amendment under section 2—616(d).

Plaintiff incorrectly asserts that the plaintiff in *Bisset* was allowed to amend his complaint under section 2—616(d) to bring in the corporation that was the successor in interest to the partnership originally joined as defendant. More importantly, plaintiff ignores the fact that the partnership and corporation in *Bisset* were operated by the same individuals. While the appellate court did not expressly so state, we believe it was that fact which motivated it to uphold the amendment of the complaint. Otherwise, we see no reason to hold the actions of an original defendant against a subsequently joined defendant as the court did when it stated:

> "[B]ut for the actions of the defendant, amendment might have been had before the statute [of limitations] had run. *** Defendant answered the complaint and interrogatories as a corporation. In doing so, it admitted that it was the entity that contracted with the village. Plaintiff discovered the intervening incorporation, after the statutory period had run, in a deposition of George Ranney. Plaintiff soon thereafter amended the complaint. We find the trial court's allowance of the amendment to be most proper in this case." (*Bisset*, 133 Ill. App. 3d at 359.)

In contrast to the situation in *Bisset*, IHOP and Russann were not operated by the same individuals at any pertinent time. As such, the justification in *Bisset* to uphold the amendment of plaintiff's complaint is lacking here.

In *Corn v. Lorain Division, Koehring Co.* (1981), 94 Ill. App. 3d 152, 418 N.E.2d 809, the plaintiff originally sued a subsidiary corporation and later sought to bring in the parent corporation. The appellate court ruled that he should have been allowed to do so under section 2—616(d) where, *inter alia*, service of the original summons was made upon the registered agent of both the parent and subsidiary corporations and the vice-president of both corporations had knowledge of the action before the statute of limitations expired.

*Corn* is clearly distinguishable. Here, plaintiff did not serve the original summons upon the registered agent of both IHOP and Russann. Rather, she seeks to have this court deem service of summons upon IHOP's registered agent as satisfying the requirements of section 2—616(d)(3). Moreover, unlike the *Corn* plaintiff, plaintiff here does not adduce any facts to show that the party sought to be substituted under section 2—616(d) actually knew of the action before the statute of limitations expired. Instead, plaintiff merely asserts that it

was "extremely likely" that Russann knew of her action before that time because IHOP and Russann were represented by the same attorneys and IHOP produced documents bearing the signature of Russann's president. This "extreme likelihood" does not satisfy the knowledge requirement of section 2—616(d)(4). *Corn* is unavailing to plaintiff.

■■■ Thus, plaintiff's construction of section 2—616(d)(3) is not supported by its cited cases. Moreover, that construction, as Russann notes, violates the rule that the plain and unambiguous words of a statute must be given effect as written and without searching for any subtle or hidden legislative intent. (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 215-16, 447 N.E.2d 394.) In this regard, we find that, when read with the language which immediately precedes it in section 2—616(d)(3), the language upon which plaintiff relies unambiguously and merely recognizes that the entity originally served with summons, a person, agent or partner, depended upon the nature of the defendant involved, *i.e.*, upon whether the defendant was a person, corporation or partnership. (See Ill. Rev. Stat. 1983, ch. 110, pars. 2—203, 2—204, 2—205.) It does not serve to relax the requirements of service upon a person, his agent or partner on a case-by-case basis, as plaintiff's construction would allow. This conclusion is buttressed by the lack of a conjunctive "and" or disjunctive "or" between the language upon which plaintiff relies and that immediately preceding it.

Rather than the foregoing cases, we find *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 413 N.E.2d 457, dispositive of the issue raised by plaintiff.

In *Slates*, the plaintiff sued IHOP, a California corporation, the franchisor of the restaurant in which she was injured. Service of summons was made upon an employee of the corporate franchisee of the restaurant. In affirming the trial court's order quashing service upon IHOP, the court rejected arguments of the plaintiff similar to those of plaintiff here.

Specifically, the court disagreed that the franchisee's employee could be the agent of the franchisor for service of summons absent an agreement to such effect. The court also rejected the argument that the franchisee was the agent of the franchisor so that service upon their employee and agent was effective as to IHOP. The court also disagreed with the plaintiff that the franchise agreement, which gave IHOP a high degree of supervision over the franchisee, established an agency between them, despite the expression of the franchise agreement to the contrary. Finally, the court rejected the plaintiff's reliance on the apparent agency of the franchisee's employee to receive ser-

vice of summons upon the franchisor. The court held that an agent must have actual authority for service of process upon him to be effective as to his principal. *Slates*, 90 Ill. App. 3d at 723-28.

■ In view of *Slates*, we find meritless the contention that the nature of the relationship between IHOP and Russann, *i.e.*, franchisor and franchisee, or the degree of control which IHOP had over Russann under their franchise agreement, justifies holding that IHOP was Russann's agent for purposes of serving process upon Russann as required under section 2—616(d)(3). It is therefore irrelevant that, as plaintiff asserts, the other requirements of section 2—616(d) may have been met in this case.

■ We next reject plaintiff's contention, based on the nature of the relationship between IHOP and Russann, that fundamental fairness requires application of section 2—616(d) to this case. Like the cases plaintiff cites for her construction of section 2—616(d)(3), the cases cited for this argument are also inapposite.

In *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287, the plaintiffs served the original corporate defendant through its agent and officer, I.W. Shell. Fearing that I.W. Shell and William Shell were not doing business as a corporation when their claim accrued, the plaintiffs sought to substitute the Shells as individual defendants. While plaintiff cites language in *Silver* favorable to her fundamental fairness argument, she ignores the following:

> "The primary basis for allowing such an amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his partner or agent within the period of the statute of limitations, albeit he was served in the wrong capacity. * * *
>
> In the instant case, the individual defendants had knowledge of the suit by reason of the service on I.W. Shell. They had in fact investigated it and taken an active part in the defense. It is a most appropriate case for application of [now section 2—616(d)]." (*Silver*, 31 Ill. App. 2d at 270-71.)

As plaintiff has failed to show Russann's knowledge of her action through actual service on it or on IHOP as Russann's agent, *Silver* does not support her fundamental fairness argument.

We also find distinguishable *Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111. Therein, in substantially the same manner as the corporation in *Bisset*, Feuquay, whom the plaintiff sought to substitute as defendant in his personal injury action, failed to disclose that she operated the business involved as an individual,

not as a corporation, although she had knowledge of the action from its institution. There was no conduct by Russann here comparable to that of the parties sought to be substituted as defendants in *Campbell* or *Bisset*.

Plaintiff cites the *Campbell* court's reliance on the fact that Feuquay would not be prejudiced by allowing the plaintiff to substitute her as the defendant in his action. The absence of prejudice or surprise to the opponent is generally a factor in determining whether to allow the amendment of pleadings. (See, *e.g., DiBenedetto v. Du Page County* (1986), 141 Ill. App. 3d 675, 491 N.E.2d 13.) However, we do not believe it requires the allowance of such amendments where the requirements of section 2—616(d) have not been met.

Finally, plaintiff has failed to show that, in an attempt to escape liability, Russann committed any conduct "confusing its identity through a complex intermingling of its [corporation] names and structure with that of other similar corporations." *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 167, 266 N.E.2d 343.

For all of the foregoing reasons, the order of the circuit court dismissing this cause with prejudice is affirmed.

Affirmed.

McNAMARA and WHITE, JJ., concur.