ARTHUR T. NEWEY *et al.*, Plaintiffs-Appellants, v. PAUL D. NEWEY, Defendant-Appellee.

First District (5th Division)   No. 1—89—0148

Opinion filed June 14, 1991.

Francis X. Riley, of Wheaton, for appellants.

Michael Resis, Dennis A. Marks, and Victor J. Piekarski, all of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiffs, Arthur T. Newey and his wife, Deborah Newey, appeal from an order dismissing their action for damages against defendant, Paul D. Newey, on the grounds that their action was barred by the statute of limitations. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5).) The plaintiffs contend that the complaint against Paul D. Newey meets the requirements of section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d)) so as not to be barred by the lapse of time notwithstanding the fact that Paul D. Newey was not joined as a defendant until after the statute of limitations had run. For the reasons set forth below, we affirm.

FACTS

On February 21, 1984, the plaintiff, Arthur T. Newey, while a tenant at 1035 W. Altgeld in Chicago, fell on the front stairs of the premises and was injured as a result of the fall. In a complaint filed March 13, 1985, plaintiffs brought suit for negligence against Cosmopolitan National Bank of Chicago (Cosmopolitan) as trustee under land trust agreement No. 13562. The complaint alleged that Cosmopolitan owned, operated, managed, maintained, and controlled the premises at 1035 W. Altgeld, and that Cosmopolitan was negligent in the performance of its duties. On September 6, 1985, by agreed order, Cosmopolitan was dismissed as defendant upon its disclosure of the land trust beneficiaries: Paul S. Newey, Davis R. Newey and the plaintiff Arthur T. Newey as trustees under the Paul and Viola Newey Trust, an *inter vivos* trust. Paul S. and Davis R. Newey are the brothers of the plaintiff, Arthur T. Newey. Paul D. Newey, against whom this appeal is brought, is the settlor, with his now-deceased wife Viola, of the Paul and Viola Newey Trust and the beneficiary of that trust. He is also the father of Paul S., Davis and Arthur Newey. At the times in issue, Paul D. Newey lived at 1034 W. Altgeld, across the street from 1035 W. Altgeld where the accident occurred.

On October 1, 1985, plaintiffs filed an amended complaint, naming as defendant the Paul and Viola Newey Trust, through its trustees Paul S. Newey, Davis R. Newey and Arthur T. Newey. This complaint was identical to the original complaint, except that the new defendant was alleged to be the one who negligently owned, operated, managed or controlled the premises. Paul S. Newey was served with summons on October 29, 1985. On December 2, 1985, Paul S. Newey filed an answer admitting that the Paul and Viola Newey Trust was the beneficial owner of the property held in the land trust, but denying any basis of liability to the plaintiffs. On March 5, 1986, Paul S. Newey filed answers to interrogatories in which he stated that Paul D. Newey was the person responsible for the maintenance and management of the premises at 1035 W. Altgeld. On February 11, 1987, the defendant trust, through its trustees, moved to dismiss the amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) on the grounds that as a trustee of the Paul and Viola Newey Trust, Arthur T. Newey is a necessary defendant, and Arthur T. Newey cannot be both a plaintiff and a defendant in the same action. The motion was granted on June 9, 1987. On July 7, 1987, plaintiffs moved to vacate the order of June 9, 1987, or in the alternative for leave to file a second amended com-

plaint to add Paul D. Newey as defendant, and to delete any reference to Paul S., Davis R. and Arthur T. Newey as defendants. On October 21, 1987, pursuant to their alternative motion, plaintiffs were granted leave to file *instanter* a second amended complaint naming only Paul D. Newey as a defendant. The second amended complaint alleged that Paul D. Newey was the beneficiary of the Paul and Viola Newey Trust, and that he owned, operated, managed, maintained and controlled the premises where the accident occurred. Paul D. Newey was personally served with a summons on February 6, 1988. On April 15, 1988, Paul D. Newey filed a motion to dismiss under section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)) on the grounds that the action against him was not commenced within the two-year limitation period for personal injury actions. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) The section 2—619 submissions of defendant included a copy of the trust agreement establishing the Paul and Viola Newey Trust, which provided the trustees with the power to operate, manage and control the property subject to their discretion. The agreement also provided that upon the death of the grantors, the corpus of the trust would be distributed to the sons. By order of August 23, 1988, the trial court granted defendant's motion to dismiss with prejudice, and by order of December 8, 1988, it denied the plaintiffs' motion to vacate the August 23 order, from which orders plaintiffs now appeal.

Opinion

■■ Neither party to this appeal contests the fact that the complaint against Paul D. Newey was filed after the statute of limitations had run. The accident occurred, and the cause of action accrued, on February 21, 1984. The applicable statute of limitations for personal injury actions is two years. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) Thus, the limitation period ran through February 21, 1986. Paul D. Newey was not joined as a defendant until October 21, 1987, and was not personally served with summons until February 6, 1988. Therefore, absent other considerations, this action is time barred. Plaintiffs, however, argue that the late joinder of Paul D. Newey should relate back to the date of the filing of the original complaint, pursuant to section 2—616(d) of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d).) Under section 2—616(d), an amendment adding a person as a defendant may relate back to the date of the filing of the original pleading and thus prevent the action from being time barred if the following five requirements are all satisfied:

"(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d).)

There is no dispute that the first, fourth and fifth requirements have been met. The original action was commenced on March 13, 1985, well before the limitation period expired on February 21, 1986. No one denies that the defendant, Paul D. Newey, as father of the plaintiff, knew prior to February 21, 1986, that the original action was pending and that it grew out of an occurrence concerning him, namely an accident on property which he managed. Finally, it is clear that the cause of action in the second amended pleading is the same cause of action as in the original pleading. Therefore, the issues before us are whether the plaintiffs have satisfied the second and third requirements of the statute, namely whether the failure to name Paul D. Newey as defendant was inadvertent and whether Paul D. Newey was served with process within the limitation period.

We first consider whether the failure to join defendant was "inadvertent" as required by section 2—616(d)(2). Plaintiffs contend that their failure to name Paul D. Newey as defendant until after the statute of limitations had run was inadvertent because the previously named defendants, the land trust and the *inter vivos* trust and its trustees, had "technical and unknown impediments" as defendants under the rules of pleading. Plaintiffs argue that the dismissal of their second amended complaint violates the spirit of section 2—616 that causes of action shall be "preserve[d] *** against loss by reason of technical rules of pleading." (*Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 578, 447 N.E.2d 982, 984.) Defendant counters that since plaintiffs knew from the outset that the *inter vivos* trust was the ben-

eficiary of the land trust and that Paul D. Newey was the beneficiary of the *inter vivos* trust, their failure to name Paul D. Newey as defendant was not inadvertent as that term is used in the statute. We agree with defendant's contention.

■ " 'Inadvertence' means excusable ignorance, not excusable failure to act after the facts are discovered." (*Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659, 662.) It does not include failure to act appropriately where defendant's true identity is known to the plaintiff. *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 139, 527 N.E.2d 414, 419.

Plaintiffs base their claim of inadvertence on ignorance of the "fact" that neither the land trustee nor the *inter vivos* trust was a proper defendant. However, this is a result of ignorance of the law, not of the facts, and our review of the cases interpreting section 2—616(d)(2) leads us to the conclusion that this is not the type of ignorance contemplated by the statute. Ignorance, in the context of section 2—616(d)(2), connotes a lack of knowledge of the identity or existence of a defendant. (*Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 833, 364 N.E.2d 660, 664.) When a plaintiff is aware of the identity of a defendant before the period of limitation has run, but does not seek to amend his complaint to add that defendant until after the statute has run, failure to join that defendant is not inadvertent. See *Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 546 N.E.2d 751 (plaintiff put on notice as to proper defendant by answers to interrogatories, failure to join was not inadvertent); *Morse v. Michaelson, Rabig & Ramp* (1968), 101 Ill. App. 2d 366, 243 N.E.2d 271 (where plaintiffs knew identity of partners but elected to sue partnership, failure to name individual partners not inadvertent); *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659 (plaintiff knew identity of beneficiary of land trust and identity of manager but sued trustee only, failure to name beneficiaries not inadvertent).

In discussing the history of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110, par. 46(4)), the predecessor of the current section 2—616(d), the court in *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 270, 175 N.E.2d 287, 289, cited by the plaintiffs here, said:

> "To us it appears that the legislature sought to provide a remedy for the inequities growing out of the confusion that may result from the changing entities under which contemporary business and industry is conducted. At the same time the legislature created conditions which would safeguard against the undermining of the statute of limitations. [Citation.] In other

words, it took account of the problem that lawyers in our time have of determining the right defendant. This is particularly true in a densely populated city where one may deal for years with a business and not know the character of its organization—whether corporate, partnership, individual, or a common law trust."

Most of the decisions upholding a finding of "inadvertence" have involved the difficulties plaintiffs have in ascertaining the identity of the person or entity to be sued. For example, in *Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465, plaintiff originally sued a sole proprietorship, only later finding out that the proper defendant was a corporation. A similar result was reached on similar facts in *Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 364 N.E.2d 660. In *Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111, the plaintiff named "South Roxana Market" as defendant in his original complaint. After discovering that South Roxana Market was a sole proprietorship and not a corporation as originally believed, plaintiff was allowed to amend his complaint to "Edith Feuquay d/b/a South Roxana Market." In a case involving corporate defendants, *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 266 N.E.2d 343, cited by plaintiffs here, the plaintiff originally sued the Wagon Wheel Hotel for injuries suffered while he was a guest at the hotel. It was not until three years after the accident that the plaintiff learned that there was no such entity as the Wagon Wheel Hotel, and that the proper defendants were Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc. The court noted that nine different corporations were involved in the operation of the hotel, and six of those used the name "Wagon Wheel" in their titles. In finding that plaintiff's failure to name the proper defendants was inadvertent, the court found it "understandable that plaintiff might have difficulty in determining who was the proper party defendant." *Bates*, 132 Ill. App. 2d at 166, 266 N.E.2d at 347.

■ It is not, however, the mere fact that businesses or individuals choose to set up different entities—corporations, partnerships or trusts—to conduct their affairs that justifies a finding of inadvertence. (*Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 406, 546 N.E.2d 751, 758.) It is the confusion which may result from the profusion of such entities and the resultant difficulty for plaintiffs in identifying the proper defendant which justifies a finding of inadvertence. Here, there is no contention that plaintiffs were confused as to the existence, identity or relationship of the trusts and their beneficiaries. Nor can there be any question as to such confusion since the plaintiff

Arthur Newey was the beneficiary's son and was a designated trustee of the *inter vivos* trust as well as a tenant of the property. Thus there can be no question that plaintiffs were aware from the time the original complaint was filed that the land trust held legal title to the property, that the *inter vivos* trust, of which the plaintiff Arthur Newey was trustee, was the beneficiary of the land trust and that Paul D. Newey was the beneficiary of that trust as well as the one with day-to-day control over the property which he now alleges in his second amended complaint. Knowing these facts, plaintiffs chose to name the trusts as defendants in their first two complaints rather than this defendant.

The validity of the finding that plaintiffs' actions here were not inadvertent is further reinforced by another definition of "inadvertence" deployed in this context: "not turning the mind to a matter: heedless, negligent, inattentive." (*Evans v. Graber, Inc.* (1983), 115 Ill. App. 3d 532, 535, 450 N.E.2d 482, 484.) In *Gonzalez v. Seiff* (1967), 90 Ill. App. 2d 127, 234 N.E.2d 336, plaintiff knew the identity of the owner of the vehicle involved in an accident, but chose originally to sue only the driver. When the driver died during the course of the litigation, the plaintiff sought to amend the complaint to join the owner as defendant, arguing that it was not originally necessary to add the owner as a defendant because the driver was a proper defendant and therefore failure to add the owner was simply heedless or negligent in not anticipating that the driver might die. The court in holding that these facts did not constitute inadvertence stated that plaintiff's failure to join the owner was not a mere failure to consider naming him as defendant, but rather a deliberate choice on plaintiff's part. Similarly, here, the plaintiffs knew the identity of this defendant but chose instead to sue the trusts rather than Paul D. Newey, and we do not find the plaintiffs' failure to anticipate that the trusts would be dismissed as defendants to be heedless or negligent.

The plaintiffs argue that the facts of this case are similar to those in *Hix v. Amato* (1977), 50 Ill. App. 3d 761, 365 N.E.2d 1148. In that case the plaintiff sought recoveries for personal injuries under the Dramshop Act and in common law negligence. He initially named Amato, the liquor licensee, as defendant. It was not until after the period of limitation had run that the plaintiff learned that Amato was not the operator of the dramshop when the accident occurred, and that it was operated by Galloway under an oral lease from Amato and under Amato's liquor license. The court, relying on *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659, found that, under those circumstances, failure to join Galloway as a defend-

ant prior to the running of the statute of limitation was excusable ignorance, and thus inadvertent. Here, unlike the facts in *Hix*, there was no ignorance on the plaintiffs' part as to who actually managed the property. They knew the defendant and that he was the one who was responsible for the operation and maintenance of the premises where the plaintiff was injured. Therefore, we find *Hix* inapposite.

The cases of *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64, and *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982, cited by plaintiffs are also not on point. Neither case involved a late substitution of a defendant, and in neither case was inadvertence an issue. In *Halberstadt* the court allowed a late amendment to alter a cause of action in a suit brought under the Structural Work Act, where the amended cause of action grew out of the same occurrence as the original complaint. *Halberstadt* was decided under sections 46(1) and (2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, pars. 46(1), (2)), which are now 2—616(a) and (b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—616(a), (b)). In *Pavlov* the original wrongful death action had been dismissed on the ground that the plaintiff was not a proper party plaintiff, having not been properly appointed as administrator. A late amendment was allowed to change the designation of plaintiff after the deficiency in plaintiff's appointment as administrator had been cured. Like *Halberstadt, Pavlov* involved the same sections (46(1) and (2)) of the Civil Practice Act. Plaintiffs, however, present these cases to support their contention that an action should not be dismissed due to "technical rules of pleading," a policy which plaintiffs urge should apply not only to sections 2—616(a) and (b) but to section 2—616(d) as well. The Historical and Practice Notes to section 2—616(d) point out that this section "was added in 1955 to cover the situation in which the plaintiff sues the wrong defendant but serves process upon the agent of the right defendant, and the statute of limitations runs on the claim before the rectification of the mistake. *** The problem was one for statutory solution. Subsection (d) is the solution, which deals adequately with the problem and at the same time contains safeguards against the undermining of the statute of limitations." (Ill. Ann. Stat., ch. 110, par. 2—616, Historical and Practice Notes, at 528 (Smith-Hurd 1983).) These safeguards against undermining the statute of limitations consist of the five requirements of the statute, all of which must be satisfied before an otherwise time-barred amendment will be saved by section 2—616(d). Accordingly, we cannot under a general policy of liberal remediation ignore or set aside the five specific prerequisites which must each be satisfied for relation back to

apply under that section. See *Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 546 N.E.2d 751; *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 266 N.E.2d 343; *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659.

Even had plaintiffs' failure to join Paul D. Newey as defendant within the period of limitation been inadvertent, plaintiffs have not satisfied the requirements of section 2—616(d)(3) regarding service of summons. Plaintiffs contend that Paul D. Newey was in fact served with summons vicariously when Paul S. Newey was served on October 29, 1985. Plaintiffs in effect propose that Paul S. Newey was defendant's agent for service of summons. In support, plaintiffs would have us accept as true the answers to interrogatories given by Paul S. Newey on behalf of the trustees of the *inter vivos* trust wherein he attributes the active powers of day-to-day management to the beneficiary. Defendant contends that, notwithstanding what the *de facto* role of the beneficiary may have been with respect to the operation and management of the property, the trust agreement which gives the trustees and not the beneficiary the power to operate and manage the property must control.

■ As shall be demonstrated below, the question raised by the disparity between the trust agreement and the answers to the interrogatories by Paul S. Newey is not dispositive of the agency question. Even if we accept the fact that the beneficiary intervened in the daily operation and management of the property notwithstanding the exclusive management powers granted to the trustees under the trust agreement, the trustees of the *inter vivos* trust would not become his agents to receive summons on his behalf.

The issue of a trustee as agent of the beneficiary of the trust was discussed in *Just Pants v. Bank of Ravenswood* (1985), 136 Ill. App. 3d 543, 547, 483 N.E.2d 331, 335, and *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 505-06, 428 N.E.2d 608, 611. Under *Just Pants* and *Kessler*, where the beneficiary has full management power and control, the trustee acting at the direction of the beneficiary will be deemed his agent for the purpose of liability in contract or in tort arising from such acts or omissions. However, unlike the nature of the agency discussed in *Just Pants* and *Kessler*, the issue here is not whether the trustees were the agents of the defendant beneficiary for the purpose of imposing upon him vicarious liability for acts or omissions in connection with the operation and management of the trust property, but rather whether the trustees were the agents of the beneficiary for service of process. The mere fact that a trustee may be deemed to act for the

beneficiary in connection with the operation of the trust property will not suffice to render the trustee an agent of the beneficiary for service of summons. This point was persuasively made in *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659.

The plaintiff in *Robinson* argued that service upon a land trustee who holds title at the direction and control of the beneficiary satisfied the requirement of service upon an agent. The court rejected this argument, finding no agency relationship either expressly, by implication or by estoppel. "Liability arises out of the acts of the person having the right to possession and control of the property. This is a personal liability, not a liability *in rem* against the title to the property. It follows that the trustee cannot be deemed an agent either express or implied for the purpose of accepting service of process upon the beneficial owners for actions arising out of their claimed personal torts." (*Robinson*, 32 Ill. App. 2d at 63, 176 N.E.2d at 663.) The same reasoning applies here. The liability, if any, in this case is personal, arising from the acts or omissions of the person having control of the property. There is nothing in the trust agreement which expressly makes the trustees agents for service of process upon the beneficiary, nor is there any basis upon which such an agency may be implied.

In 1963, following the decision in *Robinson*, section 2—616(d)(3) was specially amended to add a clause providing for service "upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d)(3).) This amendment was designed to overcome the effect of *Robinson*, which persuasively concluded that a trustee of a land trust is not the agent of the beneficiaries for service of process. The amendment therefore provided for service upon a land trustee to satisfy the prerequisite of service without requiring an agency relationship. (See Ill. Ann. Stat., ch. 110, par. 2—616, Historical and Practice Notes, at 528-29 (Smith-Hurd 1983).) The plaintiffs have not urged effective service under this special "land trust" amendment, but only under the preexisting agency provision. Moreover, this amendment would not be applicable here in any event since, notwithstanding the fact that the beneficiary may have intervened in the actual management of the property, there is no question that the trust agreement reposes full management powers in the trustees.

The case of *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 413 N.E.2d 457, is further in point. That case dealt with service upon an agent in the context of a franchisor/franchisee relationship. Process was served on an employee of the

franchisee, and the plaintiff argued that this was effective as to the franchisor. The court there held that for service to be effectively made upon an agent of the defendant, the agent must have actual authority to accept process, notwithstanding the degree of control which a franchisor may exert over a franchisee. It based this conclusion on the fact that while apparent authority may be sufficient to bind a principal for contract purposes, different considerations, involving constitutional due process, are present when the issue is service of process. Accord *Gibson v. Russann, Ltd.* (1989), 179 Ill. App. 3d 208, 534 N.E.2d 449.

None of the cases cited by plaintiffs on this issue are in point. In *Pennsylvania Co. v. Sloan* (1888), 125 Ill. 72, 17 N.E. 37, the issue was one of misnomer of the defendant, and service of process was in fact made upon an agent of the defendant, albeit under a wrong company name. In *Silver v. Lee Shell Equipment Co.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287, service was originally had upon I.W. Shell as agent and officer of the Lee Shell Equipment Co. When plaintiff later sought to amend the complaint to name I.W. Shell as an individual defendant, the court found that I.W. Shell had actually been served as required by the statute, albeit in his capacity as an agent of the corporation and not as an individual. In *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 266 N.E.2d 343, discussed above, service was made upon Maurice F. Hannon as agent of the Wagon Wheel Lodge Hotel. Although the Wagon Wheel Lodge Hotel was later determined to be a nonexisting corporate entity, Mr. Hannon was found to be the agent, as well as secretary, of the defendant corporations, thus satisfying the requirement of service in section 2—616(d)(3).

The plaintiffs' reliance in this regard on *Hix v. Amato* (1977), 50 Ill. App. 3d 761, 365 N.E.2d 1148, is likewise misplaced. There the plaintiff initially served summons on Amato, the liquor licensee, as defendant. Eventually, Amato was granted summary judgment on the ground that he was not in control or possession of the dramshop when the accident occurred. As noted previously in the discussion of *Hix* in connection with the question of inadvertence, plaintiff then sought to amend his complaint to name as defendant Galloway, who operated the dramshop under an oral lease with Amato and under Amato's liquor license. At issue was whether service on Amato would be considered service on an agent of Galloway so as to satisfy the statute. In finding that Amato was the agent of Galloway for service of process, the court held that because the arrangement between Amato and Galloway was contrary to the law, the purposes behind

the Dramshop Act justified a finding that Amato was the agent of Galloway. "In light of the mandate of article I, section 1 of the Dramshop Act [citation] that 'This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected ***' certainly, on the arrangement apparently made by Galloway and Amato, it would be proper to consider Amato as the agent of Galloway for the purpose of service of process in matters relating to the Three Crown Room of which Amato was the sole licensee." (*Hix*, 50 Ill. App. 3d at 765, 365 N.E.2d at 1152.) Thus Galloway was not allowed to profit from his own illegality and deceptive conduct at the expense of the plaintiff Hix. There is no such illegality or deception in the arrangement between the parties before us; nor are we dealing in this case with any attempt to circumvent strong public policy considerations promoted by a statute such as the Dramshop Act.

■ The decision as to whether to allow pleadings to be amended to add a defendant after the statute of limitations has run rests with the sound discretion of the trial judge. The test to be applied in determining whether there has been an abuse of that discretion is whether the decision furthers the ends of justice. (*Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 590, 488 N.E.2d 1111, 1115.) One factor which may lead to a finding that allowing a late amendment will further those ends occurs when the defendants or their attorneys have caused or contributed to the plaintiff's failure to identify the right defendant within the limitation period. (See, *e.g., Campbell*, 140 Ill. App. 3d at 590, 488 N.E.2d at 1115; *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 167, 266 N.E.2d 343, 348. The previously distinguished case of *Hix v. Amato* (1977), 50 Ill. App. 3d 761, 365 N.E.2d 1148, is also illustrative of this factor.) We see nothing in the record before us which would indicate that this defendant, or either of the previous defendants, has committed any such acts of deception. In fact, when Paul S. Newey answered the first amended complaint as trustee of the *inter vivos* trust, he specifically stated that Paul D. Newey was the one who managed the property in question. This answer by itself should have been sufficient to put the plaintiffs on notice as to the right defendant. Moreover, given the fact that the primary plaintiff Arthur T. Newey was a trustee of the *inter vivos* trust and a contingent beneficiary of that trust, a tenant on the property, as well as the son of the defendant, plaintiffs cannot seriously contend that they were misled by the defendant as to his identity.

■ Plaintiffs point out, and we cannot disagree, that this lawsuit was no surprise to this defendant. However, the element of surprise

to the defendant is but one factor to be considered in determining whether to allow an amendment of pleadings, and the absence of surprise does not require the allowance of amendments where the other requirements of section 2—616(d) have not been met. (*Gibson v. Russann, Ltd.* (1989), 179 Ill. App. 3d 208, 214, 534 N.E.2d 449, 452-53.) As discussed above, neither the second nor the third requirement of section 2—616(d) has been met. Therefore, we conclude that the trial court did not abuse its discretion in dismissing plaintiffs' complaint as barred by the statute of limitations. Accordingly, we affirm the order of the circuit court dismissing this action.

Affirmed.

COCCIA* and MURRAY, JJ., concur.

---

*Justice Michel A. Coccia participated in oral arguments prior to his assignment to another division.