PATSY A. SLEZAK, Plaintiff-Appellant, v. LISLE CENTER, INC., Defendant-Appellee.

Second District   No. 2—92—1020

Opinion filed December 10, 1993.—Rehearing denied January 19, 1994.

Nancy J. Arnold, of Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago, and Lawrence James Drabot, of Kralovec, Marquard, Doyle & Gibbons, Chartered, of Wheaton, for appellant.

E. Barry Greenberg, of E. Barry Greenberg & Associates, Ltd., and Randall K. Erler, both of Oakbrook Terrace, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Patsy Slezak, appeals an order of the circuit court of Du Page County dismissing her negligence action against defendant, Lisle Center, Inc. The order arose from a motion of the defendant pursuant to section 2—619(a)(5) the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1992)) that the action was not commenced within the time limited by law.

Plaintiff appeals the court's decision that the situation failed to meet condition three of the relation-back doctrine of section 2—616(d) (735 ILCS 5/2—616(d) (West 1992)). Because defendant did not cross-appeal the court's holding as to the other four conditions of section 2—616(d), those issues are not before us on appeal. (*Burrgess v. Industrial Comm'n* (1988), 169 Ill. App. 3d 670.) For the following reasons, we reverse.

The following facts relate to this appeal. On April 1, 1991, plaintiff filed a complaint sounding in negligence against Holiday Inn Crown Plaza, Holiday Inn, Inc., a Tennessee corporation registered to

do business and doing business in Illinois. Plaintiff sought to recover money damages for injuries allegedly sustained in a slip-and-fall incident on April 4, 1989, at a hotel located at 3000 Warrenville Road, Lisle, Illinois (the hotel). The sheriff of Cook County served process on Ms. D. Schull per CT Corporation System, Inc. (CT), as registered agent for Holiday Inns, Inc. (HI). The sheriff of Du Page County served process on Mr. Keith Sennstrom as manager of the hotel, on behalf of "Holiday Inn Crown Plaza."

"Holiday Inn Crown Plaza" is the registered mark of HI. Lisle Center, Inc. (defendant), owns the hotel under a franchise agreement with HI. Defendant operates the hotel through Aircoa Hospitality Services (Aircoa). Mr. Sennstrom is an employee of Aircoa. CT serves both HI and defendant as registered agent.

Counsel filed an appearance on behalf of "Holiday Inns, Inc., sued incorrectly as Holiday Inn Crown Plaza, Holiday Inn, Inc." HI answered the complaint, denying ownership, operation, maintenance, and control of the hotel.

HI then moved for summary judgment on the ground that as franchisor it did not own, operate, maintain, or control the hotel. The court granted summary judgment, and plaintiff moved to vacate the order and to file an amended complaint naming Lisle Center, Inc., as defendant. The court vacated the order, granted leave to file the amended complaint, and again granted summary judgment for HI.

Plaintiff filed her amended complaint against Lisle Center, Inc., on December 5, 1991, three days after the court granted leave to do so. The sheriff of Cook County served process on Ms. D. Schull per CT, as registered agent for Lisle Center, Inc., on December 23, 1991. Counsel filed an appearance on behalf of defendant and moved to dismiss pursuant to the section 2—619(a)(5) (735 ILCS 5/2—619(a)(5) (West 1992)), asserting that the action was time barred by section 13—202, the applicable statute of limitations (735 ILCS 5/13—202 (West 1992)). The court granted dismissal.

In a motion to reconsider dismissal, plaintiff argued that the relation-back doctrine of section 2—616(d) should apply, relating her amended complaint back to the date of the original complaint, so that the action would not be time barred. (735 ILCS 5/2—616(d) (West 1992).) The court held that although plaintiff had established four of the requirements of the relation-back doctrine, she had failed as to one and therefore relation back would not apply.

■ Actions for damages for personal injury must be commenced within two years of the time the cause of action accrues. (735 ILCS 5/13—202 (West 1992).) An action against a person not originally named

a defendant is not time barred, however, if all the following conditions are met: (1) the original action was commenced before the statutory time limit had expired; (2) the failure to join the putative defendant as a defendant was inadvertent; (3) service of summons was in fact had upon the putative defendant or the putative defendant's agent; (4) the putative defendant knew the original action was pending and arose from a transaction involving or concerning him or her; and (5) the original and amended pleadings demonstrate that the cause of action in the amended pleading arose from the same transaction or occurrence as that in the original pleading. 735 ILCS 5/2—616(d) (West 1992).

The trial court found in plaintiff's favor that (1) plaintiff had filed the original complaint before the expiration of the statute of limitations; (2) plaintiff inadvertently failed to join Lisle as defendant; (3) defendant knew that the action was pending and that it arose from an occurrence in defendant's hotel; and (4) the cause of action in the amended complaint arose from the same transaction as that in the original complaint. However, the court found in defendant's favor that proper service of process was not made upon defendant or its agent. We disagree.

Unambiguous terms of a statute must be given their plain and ordinary meaning. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 455; *Auto Owners Insurance v. Berkshire* (1992), 225 Ill. App. 3d 695, 698.) We have held that a court should not insert words into a legislative enactment when the statute otherwise presents a cogent and justifiable legislative scheme. *Auto Owners*, 225 Ill. App. 3d at 698.

The following language is at issue in this case: "(3) service of summons was in fact had upon the person, his or her agent or partner, *** even though he or she was served in the wrong capacity or as agent of another." (735 ILCS 5/2—616(d)(3) (West 1992).) In this case, service was in fact had upon defendant's agent, CT, even though CT was served as agent of another. Defendant contends that where an entity serves as registered agent for many entities, this rule should not apply. The language of the statute includes no such exception, and we are not inclined to create one.

In *Corn v. Lorain Division, Koehring Co.* (1981), 94 Ill. App. 3d 152, 158, the Appellate Court, Fifth District, found that condition three of section 2—616(d) was met where "[s]ervice was made upon CT Corporation as the registered agent of Amax Coal Company, Inc. CT Corporation is also the registered agent in Illinois of Amax, Inc." (See also *Suste v. Sterr* (1985), 135 Ill. App. 3d 652.) The court found

error in the dismissal of the action where all five of the requirements were made and therefore reversed the decision of the trial court. *Corn*, 94 Ill. App. 3d at 159.

Defendant attempts to distinguish *Corn*, asserting that the parent-subsidiary relationship of the two corporations and the existence of common vice-president caused the court in *Corn* to find service on CT for one to suffice for service on the other. On the contrary, the court relied on the parent-subsidiary relationship and the existence of the common vice-president in support of condition four. (*Corn*, 94 Ill. App. 3d at 158-59.) The extent of intermingling of the companies was irrelevant to condition three in *Corn*, and the lack of intermingling is irrelevant to condition three here. In this case, as in *Corn*, CT serves both corporations as registered agent. Service upon CT, registered agent of defendant, suffices here even though CT was served as agent of Holiday Inns, Inc. Where process is served on the agent of an entity in the name of an entity which shares the same agent, this service suffices for the purpose of condition three of 2—616(d). This is a risk the two entities bear by engaging the same registered agent.

■ Defendant cites *Peterson v. Sealed Air Corp.* (7th Cir. 1990), 902 F.2d 1232, 1235, for the proposition that just because two corporations share an agent for service of process does not mean that a complaint against one allows substitution of the other. First, Federal court decisions are not binding on this court. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 545.) We are not bound by decisions of the United States Court of Appeals for the Seventh Circuit.

Second, defendant's reliance on *Peterson* misses the point. Plaintiff does not contend that she should be allowed to substitute parties merely because the two corporations share an agent. She contends that (1) because the original complaint was timely; (2) because failure to join was inadvertent; (3) because process was served on defendant's agent (even though as agent of another); (4) because defendant knew the pending action involved defendant's premises; and (5) because the amended pleading arose from the same occurrence, she should be allowed to substitute defendant for HI, the statute of limitations notwithstanding. We agree.

We find that all five conditions of section 2—616(d) of the Code of Civil Procedure have been met by plaintiff and that it was error to dismiss the action against Lisle Center, Inc., on the ground that the statute of limitations had run. Plaintiff should be permitted to proceed on her amended complaint against Lisle Center, Inc.

We reverse the judgment of the circuit court and remand this cause to the trial court to proceed in a manner consistent with this opinion.

Reversed and remanded.

McLAREN and COLWELL, JJ., concur.